913 F.2d 510
 Anthony WEBSTER, Appellant,
v.
John Frank GIBSON--Prosecuting Attorney, Ashley County, AR.;
James H. Robinson--Sheriff, Ashley County, AR.;
Rex Harris--Deputy Sheriff/Investigator,
Ashley County, AR., Appellees.
 No. 89-1659WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 16, 1990.
Decided Sept. 5, 1990.
 
 Robert Depper, Jr., El Dorado, Ark., for appellant.
 No argument for appellees.
 Before JOHN R. GIBSON and MAGILL, Circuit Judges, and GUNN,* District Judge.
 MAGILL, Circuit Judge.
 
 
 1
 Anthony Webster, an Arkansas prisoner, appeals the district court's dismissal of his pro se 42 U.S.C. Sec. 1983 action[1] seeking damages against the prosecutor, sheriff and deputy sheriff for Ashley County, Arkansas, for depriving him of a prompt judicial determination of probable cause as required under Gerstein v. Pugh, 420 U.S. 103, 126, 95 S.Ct. 854, 869, 43 L.Ed.2d 54 (1975) (extended restraint of liberty following warrantless arrest) in violation of the fourth amendment. We hold that Webster's section 1983 claim survived his subsequent conviction for terroristic threatening. We reverse the section 1915 dismissal of the complaint to the effect that it does not state a cause of action against the sheriff. However, we affirm the dismissal of Webster's complaint insofar as it seeks damages against the prosecuting attorney and the deputy sheriff.
 
 I.
 
 2
 On September 30, 1988, deputy sheriff Harris arrested and jailed Webster without a warrant for aggravated robbery. On November 14, 1988, forty-five days later and while Webster was still jailed, a bond hearing was held before a state circuit judge in the presence of prosecutor Gibson and sheriff Robinson.[2] The judge found a lack of probable cause and ordered that an information be filed immediately or that Webster be released. Webster was not released. However, on January 9, 1989, fifty-six days after the bond hearing, prosecutor Gibson filed an information charging Webster with terroristic threatening.[3] Webster remained in jail thereafter. On February 20, 1989, Webster was tried and convicted by a jury on multiple counts of terroristic threatening.
 
 
 3
 On December 27, 1988, Webster filed this section 1983 action against the prosecutor, the sheriff and the deputy sheriff. Webster claimed (1) he was detained by sheriff Robinson for forty-five days[4] following a warrantless arrest without a probable cause hearing; (2) prosecutor Gibson knew about the illegal detention; and (3) deputy Harris detained him.
 
 
 4
 In response to Webster's complaint, the magistrate,[5] without holding a hearing, mistakenly made a finding that an information charging Webster with terroristic threatening had been filed on September 28, 1988, and concluded that Webster was detained pursuant to an information. The magistrate found that absent any demonstration of a policy of wrongful detention established by the sheriff or of his personal knowledge/participation in Webster's detention, Webster's claim could only be based on a respondeat superior theory of liability, which is not a viable theory of recovery under section 1983. The magistrate also rejected Webster's claim against the prosecutor on the ground of absolute immunity. The magistrate recommended that Webster's complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Webster made timely objections to the magistrate's findings, arguing that (1) the magistrate incorrectly found that an information had been filed on September 28, 1988, when no information was filed until January 9, 1989; (2) he had sufficiently pleaded that the sheriff knew of Webster's detention from September 30, 1988 to November 14, 1988; and (3) the deputy wrongfully detained Webster. The district court adopted the magistrate's findings and recommendations and entered judgment dismissing Webster's complaint with prejudice.
 
 
 5
 In appointing Webster's counsel on appeal, we requested briefing on the issue of whether a Gerstein claim survives a suspect's subsequent state criminal conviction on the underlying charge.
 
 II.
 
 6
 In Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court established that the fourth amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended restraint on liberty following an arrest without a warrant.[6] Id. at 114, 95 S.Ct. at 863. Under Gerstein, a suspect has a constitutional right to a prompt determination of probable cause by "a neutral and detached magistrate [so that he not be solely] judged by the officer engaged in the often competitive enterprise of ferreting out crime." Id. at 112-13, 95 S.Ct. at 862-63 (emphasis added) (quoting Johnson v. United States, 333 U.S. 10, 13-14, 68 S.Ct. 367, 368-69, 92 L.Ed. 436 (1948)). This right is essential to the safeguarding of a suspect's constitutional right under the fourth amendment to be free from unreasonable seizure without probable cause. Id. 420 U.S. at 117-18, 95 S.Ct. at 864-65. Therefore, this right may be violated even in situations where probable cause exists.[7] Id.
 
 
 7
 Webster was held forty-five days before his bond hearing. Nowhere does the record before us indicate that a judicial determination in compliance with Gerstein was made prior to this date. Webster's fourth amendment right to a prompt judicial determination of probable cause was violated.
 
 
 8
 Arkansas law, which we follow on the issue of whether Webster's Gerstein claim is precluded by his subsequent conviction, see Saporta v. Stephenson, 751 F.2d 312, 313 (8th Cir.1985), provides that collateral estoppel applies when the issue sought to be precluded (1) is identical to an issue involved in a prior proceeding; (2) was actually litigated in the prior proceeding; (3) was determined by a valid and final judgment; and (4) such a determination was essential to the judgment. Lane v. Sullivan, 900 F.2d 1247, 1250 (8th Cir.1990) (citing East Texas Motor Freight Line v. Freeman, 289 Ark. 539, 713 S.W.2d 456, 459 (1986)). Whether Webster was denied his right to a prompt determination of probable cause by a detached and neutral magistrate was not an issue in the criminal proceeding. See Gerstein, 420 U.S. at 108 n. 9, 95 S.Ct. at 860 n. 9 (issue of the legality of pretrial detention without a judicial hearing could not be raised in defense of criminal prosecution). Therefore, the issue was not actually litigated or decided during the state criminal proceeding. Webster is therefore not collaterally estopped from asserting a Gerstein claim in a section 1983 action, even though he was convicted on the underlying charge.
 
 III.
 A. Prosecutor Gibson
 
 9
 The magistrate found that the prosecutor enjoyed absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 424-27, 96 S.Ct. 984, 992-93, 47 L.Ed.2d 128 (1976). Webster argues that the prosecutor exceeded the scope of his prosecutorial duties when he allegedly disregarded a state circuit judge's order to file an information or release him and therefore was not entitled to absolute immunity. A prosecutor is entitled to absolute immunity for conduct related to initiating a prosecution and presenting the state's case. Id. at 431, 96 S.Ct. at 995-96. Prosecutors must act "clearly outside their jurisdiction" (i.e., pursuant to their investigatory duties) to lose the defense of absolute immunity. See Wilhelm v. Turner, 431 F.2d 177, 182-83 (8th Cir.1970), cert. denied, 401 U.S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971). Webster's allegation that the prosecutor disregarded a court order to file an information would not place him outside the scope of his prosecutorial duties.[8] Thus, we conclude the district court was correct in finding that the prosecutor had absolute immunity, and Webster's section 1983 action insofar as it contained allegations against the prosecutor was properly dismissed.
 
 B. Sheriff Robinson
 
 10
 The magistrate found that absent any demonstration of a policy of wrongful detention established by the sheriff or of his personal knowledge/participation in plaintiff's detention, Webster's claim was based on respondeat superior, which is not a viable theory of recovery under section 1983.
 
 
 11
 Webster alleged in his complaint and written objections to the magistrate's findings and recommendations that the sheriff knowingly and wrongfully detained him. In the "Statement of Claims" section of his complaint, Webster alleges that "James Robinson, Sheriff of Ashley County on 9-30-88 detained me without a warrant or legal cause of action.... I was detained 33 days without a warrant or hearing to determine the Sheriffs [sic] cause of detainment." In addition, in Webster's written objections to the magistrate's findings, he alleges that the sheriff was aware of and directly involved in his detention and knew that there was a statutory requirement regarding detention of an individual, and that the sheriff participated in Webster's detention. Designated Record at 21.
 
 
 12
 We must construe the pleadings of pro se plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, reh'g denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); Taylor v. Gibson, 529 F.2d 709, 713-14 (5th Cir.1976) (section 1983 action). The Supreme Court held in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), that since dismissals under 28 U.S.C. Sec. 1915 are made early in the proceedings, before service of process on the defendant, the trial court should permit the cause of action to proceed to the responsive pleadings stage, unless there is "indisputably absent any factual or legal basis." Id. 109 S.Ct. at 1830. In Williams v. White, 897 F.2d 942 (8th Cir.1990), we stated that "section 1915 dismissals should be made only where it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." Id. at 944.
 
 
 13
 Liberally construed, Webster's allegations that the sheriff was aware of and directly involved in his detention for forty-five days without a probable cause hearing and knew that there was a statutory requirement regarding detention of an individual were sufficient to show the sheriff's knowledge of Webster's wrongful detention. Therefore, Webster's claim against the sheriff was not based on a respondeat superior theory. Webster alleges that the sheriff's conduct violated Webster's clearly established constitutional right of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). For the foregoing reasons, we conclude only that the court erred in its section 1915(d) dismissal of the sheriff.
 
 C. Deputy Harris
 
 14
 We do not believe even a liberal construction of Webster's complaint would state a cause of action cognizable under section 1983 against the deputy sheriff. There were no facts alleged in the complaint or written objections from which we can infer that the deputy sheriff's knowledge of or involvement in Webster's detention extended beyond the time of arrest. Therefore, we affirm the dismissal of the action against the deputy sheriff as frivolous.
 
 CONCLUSION
 
 15
 For the foregoing reasons, we reverse the district court's dismissal of Webster's complaint insofar as it states a claim against the sheriff and remand for further proceedings in accordance with this opinion. We affirm the district court's dismissal of Webster's complaint in all other respects.
 
 
 
 *
 THE HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 Webster's complaint, No. 88-1146 (W.D.Ark. Dec. 27, 1988), was dismissed with prejudice as frivolous by order of the district court, pursuant to 28 U.S.C. Sec. 1915(d), before service on respondents
 
 
 [2]
 Ark.R.Crim.P. 8.1 provides that "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay."
 
 
 [3]
 The information specifically charged that Webster, as well as another defendant, John Henry Pugh, intentionally threatened to cause death or serious physical injury to Jessie Lee James (count I), Vance Howard (count II), Travis and Louis Hughes (count III), Tessie Pugh (count IV) and Edward Morris (count V). On September 28, 29 and 30, 1988, Webster and Pugh had been allegedly threatening these people with machine guns to collect money
 
 
 [4]
 In his complaint, Webster asserts 33 days as the period of his wrongful detention. In written objections to the magistrate's report and recommendation, Webster alleges and the record indicates that the period of wrongful detention extended from September 30, 1988 through the time of the bond hearing on November 14, 1988 (45 days). We are not the fact finder. We find as a matter of law that either period of restraint without an impartial judicial determination of probable cause exceeds the brief period permitted by Gerstein, and would be a violation of Webster's constitutional right. See infra p. 513. For the sake of convenience, we will hereinafter refer to the length of the delay as 45 days
 
 
 [5]
 Pursuant to 28 U.S.C. Sec. 636(b) and Rule 23.VIII(B) of the United States District Court for the Eastern and Western Districts of Arkansas, this matter was referred to the magistrate
 
 
 [6]
 The Gerstein court held that an officer's probable cause assessment justifies only the arrest and a brief period of detention to take the administrative steps incident to arrest. 420 U.S. at 113-14, 95 S.Ct. at 862-63
 
 
 [7]
 A false arrest claim alleges lack of probable cause. A Gerstein claim alleges lack of the opportunity for a prompt judicial determination of probable cause. The claims are not identical and, therefore, are not subject to the same analysis
 
 
 [8]
 In addition, Webster's Gerstein claim for wrongful detention pertains to the time period from September 30 to November 14. Any disregard of a court order issued at the bond hearing would be irrelevant to the Gerstein claim