Sara Ruth WAYLAND, individually, and as Administratrix of the estate of Jimmy Joe Wayland and as Mother and Natural Guardian of Christy Starlene, Kimberly Kaylene, Angie Raylene, and the unborn child (all natural minor children of Jimmy Joe Wayland), Appellants,

v.

The CITY OF SPRINGDALE, ARKANSAS, a municipal corporation; Ollen Stepp, individually and as Chief of Police of Springdale, Arkansas; Chuck Clark, individually, and as a Springdale Policeman; Clyde Martin, individually, and as a Springdale Policeman; and, Sid Rieff, individually, and as a Springdale Policeman, Appellees.

No. 90–1211.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1990.

Decided May 17, 1991.

Kit Williams, Fayetteville, Ark., for appellants.

Mark Hayes, North Little Rock, Ark., for appellees.

Before JOHN R. GIBSON, BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

## I. BACKGROUND

On March 10, 1989, Jimmy Joe Wayland (Wayland) and his wife, Sara Ruth Wayland, were arrested by Springdale, Arkansas, police officers on a warrant for a theft in Kansas. In a search of the Wayland home officers seized a metal cash box stolen from a business in Springdale. Sara Wayland posted her $2000 bond. She and her family were waiting to post Wayland's bond when Wayland was informed he was being held for the Springdale burglary.

After Wayland's arrest, the police department notified the prosecuting attorney. No information, indictment, or warrant was filed against Wayland on the Arkansas charge nor was any probable cause hearing held. Shortly after 4 a.m. on March 16, Wayland was found dead hanging from an

---

\* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern District of Iowa, sitting by designation.

air vent in his cell. Wayland had not displayed any unusual emotions or suicidal tendencies during his stay in the jail.

Appellant filed this action seeking damages under 42 U.S.C. § 1983. The district court granted summary judgment in defendants' favor. This appeal followed.

## II. DISCUSSION

### A. *Gerstein* Violation

█ The fourth amendment requires prompt judicial determination of probable cause as a prerequisite to an extended restraint on liberty following an arrest without a warrant. *Gerstein v. Pugh*, 420 U.S. 103, 125, 95 S.Ct. 854, 868–69, 43 L.Ed.2d 54 (1975). The reasons for prompt presentment of one arrested without a warrant are strong. "Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships.... When the stakes are this high, the detached judgment of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protection from unfounded interference with liberty." *Id.* at 114, 95 S.Ct. at 863.

Although the police had probable cause to initially hold Wayland on suspicion of the Springdale crime, *see Warren v. City of Lincoln*, 864 F.2d 1436, 1441 (8th Cir. 1989) (en banc), *cert. denied*, 490 U.S. 1091, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989), *Gerstein* may be violated even in situations where probable cause for the arrest exists. *Webster v. Gibson*, 913 F.2d 510 (8th Cir. 1990). The issue is whether the delay in arraignment was permissible.

█ A defendant may be detained only for as long as it takes to process "the administrative steps incident to arrest." *Gerstein*, 420 U.S. at 114, 95 S.Ct. at 863. The Arkansas Rules of Criminal Procedure require that "[a]n arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer *without unnecessary delay.*" Ark. R.Crim.P. 8.1 (emphasis added). The facts of each case must be considered to determine whether a detainee is held unnecessarily.[1]

█ Appellees argue even if the delay violated Wayland's rights they did all they were constitutionally obliged to do by promptly notifying the prosecuting attorney's office of the arrest. We reject this limited interpretation of their duty for even if appellees were not responsible for the delay in the arraignment they still may be answerable for the constitutional violation. The Springdale police held Wayland based only on the suspicion he was involved in the local theft. They were under no obligation to continue to hold him. Certainly the police could not have held Wayland indefinitely waiting for an arraignment sometime in the future. When the delay exceeds the time necessary to process the arrest, and the delay is no longer reasonable, the arrestee must be released.[2] *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 437 (7th Cir.1986), *cert. denied* 481 U.S. 1028, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987) (when administrative steps incident to arrest are complete, "the police must take the suspect before a magistrate to establish probable cause, or they must let him go."); *Llaguno v. Mingey*, 763 F.2d 1560, 1568 (7th Cir. 1985) (en banc) *cert. dismissed* 478 U.S. 1044, 107 S.Ct. 16, 92 L.Ed.2d 783 (1986) (police officer liable for detaining arrestee two days without arraignment).

The circuit judge who usually arraigned felony detainees was unavailable on March 13th and 14th. He does not state in his affidavit that he was unavailable on any other day during Wayland's incarceration. There is no evidence whether another judge could have held the proceeding. Without comment on the merits of this case, there exists a factual dispute as to whether the delay was necessary. Thus, the district

---

1. The Supreme Court recently held "[w]here an arrested individual does not receive a probable cause determination with 48 hours ... the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *County of River-side v. McLaughlin*, — U.S. —, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991).

2. In passing, appellant raises qualified immunity in her brief. Issues not raised or decided in the district court will not be considered.

 

court should not have granted summary judgment on this issue.[3]

## B. Fourteenth Amendment

■■■ An inmate has a constitutional right to be held in a safe prison cell. *Youngberg v. Romeo*, 457 U.S. 307, 315–16, 102 S.Ct. 2452, 2457–58, 73 L.Ed.2d 28 (1982). In 1986, another prisoner hung himself from the air vent louvers in the Springdale jail in the same manner as Wayland. Appellant only argues Wayland's rights were violated[4] because appellees failed to take any corrective actions to modify the air vent and cell environment.

Appellees' failure to change the air vents could not establish anything other than negligence. Thus, it was appropriate for the district court to grant summary judgment on this claim.

## C. Sixth Amendment

■■ Appellant argues Wayland's sixth amendment right to counsel was also violated because of the *Gerstein* violation. The right to counsel does not attach until after the initiation of adversary judicial criminal proceedings. *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). Therefore, there was no violation of this right.

## III. CONCLUSION

We reverse that part of the district court's order which found no *Gerstein* vio-

lation, and affirm the grant of summary judgment on the remaining claims.

---

**3.** The district court also stated "incarceration for seven days cannot constitute proximate causation for the suicide of a prisoner absent some evidence that the defendants knew or should have known that preventative action was indicated." It is unclear if this statement was made in regard to causation of the suicide or of the *Gerstein* claim. However, this statement is not universally true as a matter of law. There is sufficient evidence, direct and circumstantial, to generate an issue for trial on causation. Further, even if this issue is decided against appellant, the district court was wrong to grant summary judgment on the entire suit. Appellant is entitled to nominal damages if a *Gerstein* violation occurred. *See Hunter v. Auger*, 672 F.2d 668, 677 (8th Cir.1982) (district court directed to allow nominal damages for fourth amendment violation where no showing of actual damages).

**4.** This circuit has not determined whether a pretrial detainee is entitled to greater protection than is found in the eighth amendment against prison officials' deliberate indifference to their serious medical needs. *Boswell v. County of Sherburne*, 849 F.2d 1117, 1121 (8th Cir.1988), *cert. denied*, 488 U.S. 1010, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989). The plaintiff must establish more than negligence, *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), but recklessness may be sufficient. *Gregory v. City of Rogers*, 921 F.2d 750, 756 (8th Cir.1990). Whether any intermediate standard would suffice or is even meaningful has not been decided. Appellees have requested this panel to establish the standard in this circuit for attention to medical needs of pretrial detainees. For the reasons set forth in the opinion, it is not necessary for us to decide the issue, and we decline to do so in this case.