# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2648

_____

Roger Joseph Hoffert, Jr.

*Plaintiff - Appellant*

v.

Jeremy Westendorf, Individually and in his official capacity as an Assistant Black Hawk County Attorney; Chastity Sullivan, Individually and in her official capacity as an Assistant Black Hawk County Attorney; Kimberly A. Griffith, Individually and in her official capacity as an Assistant Black Hawk County Attorney; Tony Thompson, Individually and in his official capacity as an Assistant Black Hawk County Sheriff; Phillip Wendling, Individually and in his official capacity as an Assistant Black Hawk County Sheriff's Deputy; Beth Skinner, Individually and in her official capacity as Director of the Iowa Department of Corrections

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: March 24, 2021
Filed: March 29, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Roger Hoffert, Jr. appeals the district court's order and judgment dismissing his action under 42 U.S.C. § 1983 and Iowa state law. For the following reasons, we vacate a portion of the district court's order, and otherwise affirm.

In October 2019, Hoffert filed his pro se complaint, which was twice amended by appointed counsel. He alleged, as relevant, that he was charged in a criminal complaint, signed by Black Hawk County Sheriff's Deputy Phillip Wendling, with introducing contraband into the Black Hawk County Jail; that the charge was not supported by probable cause; that he was improperly held in pretrial detention at the jail and later imprisoned at the Iowa Department of Corrections (IDC) on a conviction for that charge; and that the conviction was subsequently overturned. He named, in their individual and official capacities, the director of the IDC and the Black Hawk County sheriff; and claimed cruel and unusual punishment, in violation of the Eighth Amendment; false imprisonment, in violation of the Fourteenth Amendment; and intentional infliction of emotional distress (IIED), in violation of state law. He also named, in their individual and official capacities, Wendling and several Black Hawk County prosecutors; and claimed malicious prosecution, abuse of process, and IIED. all under state law. His operative complaint also included a claim against Wendling and the prosecutors for "prosecution absent probable cause," in violation of the Fourteenth Amendment; but did not expressly invoke the Fourth Amendment, unlike his prior complaints. On defendants' motions, the district court dismissed the action under Federal Rule of Civil Procedure 12(b)(6), reasoning that most defendants were entitled to immunity; and that, regardless, Hoffert failed to allege facts sufficient to state a claim. The district court also reasoned, as relevant, that Hoffert's Fourteenth Amendment claim based on his right to be free from prosecution was only cognizable as a malicious-prosecution claim under the Fourth Amendment; and that, to the extent he raised such a claim against Wendling, it failed.

In his pro se briefs, Hoffert argues the district court erred in dismissing the action. He also expresses his dissatisfaction with the district court's discussion of his

potential Fourth Amendment claim, and asks this court to "reopen" the case as to that claim. As relevant, defendants urge affirmance and argue that the district court should not have considered a malicious-prosecution claim under the Fourth Amendment.

To begin, we conclude that dismissal was proper as to Hoffert's section 1983 claims against the IDC director and the sheriff, because, to the extent he named them in their official capacities, he failed to allege that any official policy, custom, or practice caused a constitutional violation. See Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (standard of review); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978) (local government not liable under § 1983 unless official policy or custom caused violation of plaintiff's rights); Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) (official-capacity suit against public official is actually suit against entity for which official is agent). Moreover, to the extent he named them in their individual capacities, he did not allege how either was personally involved in any misconduct or how his detention pursuant to valid court orders violated his constitutional rights. See Beaulieu v. Ludeman, 690 F.3d 1017, 1030-31 (8th Cir. 2012) (supervisors cannot be held vicariously liable under § 1983 for actions of subordinate; to state claim, plaintiff must allege supervising official violated Constitution through their individual actions; general allegations that defendant supervises facility or was deliberately indifferent are not sufficient to state claim).

Next, we conclude that dismissal as to Hoffert's claims against the prosecutors was proper based on absolute immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 274 n.5 (1993) (prosecutor is entitled to absolute immunity for decision to bring indictment, regardless of whether they have probable cause); Webster v. Gibson, 913 F.2d 510, 513-14 (8th Cir. 1990) (prosecutor must act clearly outside their jurisdiction to lose absolute immunity); cf. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (judicial immunity, like other forms of official immunity, is immunity from suit, not merely assessment of damages).

We further conclude that Hoffert's state law claims against the IDC director, the sheriff, and Wendling were properly dismissed, because Hoffert failed to make any non-conclusory allegations indicating that Wendling acted with the requisite level of intent, or that any defendants' conduct was outrageous. See Yoch v. Cedar Rapids, 353 N.W.2d 95, 100-02 (Iowa Ct. App. 1984) (to establish malicious prosecution under Iowa law, plaintiff must show, inter alia, malice by defendant; malice may not be inferred from lack of probable cause); see also Doe v. Hagar, 765 F.3d 855, 865 (8th Cir. 2014) (elements of IIED under Iowa law include outrageous conduct by defendant; affirming district court's conclusion that plaintiff did not establish IIED where sole basis of outrageous conduct was plaintiff's conclusory statements); Small v. McCrystal, 708 F.3d 997, 1011 (8th Cir. 2013) (for abuse-of-process claim under Iowa law, plaintiff must show defendant used process primarily for impermissible motive).

As to Hoffert's remaining claim for violation of his Fourteenth Amendment right to be free from prosecution absent probable cause, we agree such a claim was only cognizable under the Fourth Amendment; and that, because his operative counseled complaint did not invoke the Fourth Amendment, such a claim was abandoned. See Manuel v. City of Joliet, 137 S. Ct. 911, 920-21 (2017) (Fourth Amendment governs claim for unlawful pretrial detention, even beyond initiation of legal process); see also Mickelson v. Cnty. of Ramsey, 823 F.3d 918, 932 (8th Cir. 2016) (when party fails to argue claim before district court, claim is considered abandoned such that it need not be considered on appeal). We further conclude that because he abandoned any Fourth Amendment claim, the district court's analysis and dismissal with prejudice of such a claim against Wendling was unnecessary. See Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995) (dismissal with prejudice operates as rejection of plaintiff's claims on merits); cf. Harmon v. City of Kansas City, 197 F.3d 321, 328 (8th Cir. 1999) (vacating portion of district court's order which unnecessarily addressed, and resolved merits of, aspect of plaintiff's claim).

Accordingly, we vacate the portion of the district court's order which addressed a malicious-prosecution claim under the Fourth Amendment against Wendling, and we otherwise affirm.  We also deny Hoffert's pending motions as moot.

_____