**In re PLENZ et al.**

**PLENZ et al. v. LANUM.**

**No. 7130.**

Circuit Court of Appeals, Seventh Circuit.

May 3, 1940.

Samuel Wodika, of Chicago, Ill., for appellants.

John A. Bussian, of Chicago, Ill., for appellee.

Before TREANOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

In 1934 the debtors, Henry Plenz and Gertrude Plenz, invoked § 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202. The District Court approved a plan of extension and appointed appellee H. B. Lanum to supervise and carry out the terms of the debtor's amended plan of extension and aid them in the management of their business. In 1938 appellee filed a petition requesting compensation for services rendered, and the matter was referred to a special master. The master reported against the appellee, the District Court overruled the report, and the debtors appealed from the order allowing fees.

During the depression years the debtors operated a large apartment building in Chicago. In 1934 they encountered difficulty in meeting their debts as these matured, and consequently they filed a petition praying an extension of time within which to pay their debts. An extension proposal was arranged by the debtors and their creditors (bondholders) and this proposal was confirmed by the District Court. The terms of the extension proposal provided for supervisory control by a bondholders' committee over the business of the debtors during the period of rehabilitation.

Appellee was chosen chairman of the committee, and as such was appointed by the court to supervise and aid the debtors in the management of the business. He rendered services in this connection from October 15, 1935 to December 15, 1938. In general these services included countersigning of checks for the withdrawal of funds, conferring with the debtors concerning management, and keeping the bondholders informed. During this period appellee received payments of $15 per month from the debtors, a fact which he disclosed to the court in his monthly reports.

In November of 1938 appellee filed his petition requesting compensation for services rendered. The petition asked for an allowance of $15 per month or a total of $540, and stated that already $385 had been advanced to appellee by the debtors. In their answer the debtors admitted certain services had been rendered by appellee, stated $425.45 had been advanced him but only on the strength of a misrepresentation by appellee to the effect that the court had

ordered the monthly payments, and prayed a court order requiring the return of the amount advanced.

The matter was referred to a special master and in June of 1939 the master made his report against appellee. The master found (1) that services had been rendered, (2) that the debtors had not agreed to compensate appellee, and (3) that $425.45 had been advanced on the strength of the misrepresentation of fact above described. The master concluded that appellee fraudulently collected the amount of $425.45, and therefore recommended (1) that he be made to return the money and (2) that he be not paid for the services rendered.

In June of 1939 the District Court again referred the matter to the special master, and further testimony was taken as to the alleged misrepresentation of fact already described above. Henry Plenz testified that appellee made the statement, and in reliance thereon he made the advances in question. Appellee denied this testimony, and a character witness testified as to appellee's good reputation for truth and veracity. And again, on this point, the master believed Henry Plenz. In substance, the master's second report is a repetition of the first, in effect finding and recommending the same things.

Appellee filed objections to the master's reports, and reasoned among other things that the $15 payments had been reported monthly to the court and that after all was said and done services had been rendered and so the special master had found. The District Court overruled the reports and partly approved the petition for compensation. The order allowed $425.45, already advanced and paid, as appellee's compensation for services rendered, and disallowed the further sum of $155 requested.

■ The argument here is not that the order of the District Court does not square with the evidence, for it does. The argument is rather that the District Court should not have disturbed the master's findings of fact. We appreciate this argument, for ordinarily great weight is to be given the master's findings, but we fail to see its applicability in the instant case. The master's findings of fact have not been disturbed at all. In substance they are the following: (1) the rendition of services by order of court; (2) the receipt of payments; (3) the reporting of these payments

to the court; and (4) the representation of fact.

What has been disturbed in this case, however, is the master's conclusions and his severe recommendation. Our thought in the matter leads us strongly to the belief that the action of the District Court is sound and in accord with equity and proper discretion. When everything is considered, it is easy to reason that the master's findings of fact are consistent with the conclusion of compensation; surely these findings do not spell fraud.

■ Furthermore, it is certain that the rule giving weight to the master's findings of fact, does not compel the court to give any specific weight to the master's conclusions of law. The order of the District Court is therefore affirmed. It is so ordered.

Affirmed.