**Dr. Jose A. SAPORTA, as Conservator and Guardian of Victor J. Saporta, an Incapacitated Protected Person, Appellant,**

v.

**Daryl R. STEPHENSON, M.D., Appellee.**

**No. 84–1735.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1984.

Decided Jan. 7, 1985.

Rehearing Denied Feb. 4, 1985.

---

Joni R. Kerr, William M. Lamson, Jr., Omaha, Neb., for appellant.

Daniel D. Jewell, Norfolk, Neb., for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Dr. Jose A. Saporta appeals from the district court's order granting Dr. Stephenson's motion for summary judgment. For reversal, Saporta argues that the district court erred in ruling that he was collaterally estopped from litigating the issue of Dr. Stephenson's negligence. We affirm.

Victor Saporta, Dr. Saporta's son, was committed to the Norfolk Regional Center (Center), a state hospital established for the treatment of mental diseases. Approximately two months after he had been committed, Victor walked away from the Center and attempted to commit suicide by throwing himself in front of a truck. As a result, Victor was seriously injured.

Dr. Saporta, as Victor's guardian and conservator, filed suit against the State of Nebraska under Nebraska's Tort Claims Act, Neb.Rev.Stat. §§ 81–8,209 *et seq.* (1981), seeking damages for the alleged negligence of the state's employees at the Center. One of the state's defenses was that it could not be liable for Dr. Stephenson's negligence because he was an independent contractor and therefore not an employee of the state within the definition of the Act. *See* Neb.Rev.Stat. §§ 81–8,209, 81–8,210(3) (1981). Because Dr. Saporta feared that the issue of Dr. Stephenson's employment status would not be resolved before the statute of limitations had run on a separate action against Dr. Stephenson, Dr. Saporta also filed this diversity action.

After a five day trial in the state action, the court found that Dr. Saporta "failed to prove by a preponderance of the evidence that the staff doctors, *including Dr. Daryl L. Stephenson,* nurses, human resource technicians and other providers of care at the Norfolk Regional Center failed in any respect to meet the applicable standard of care in the care and treatment of Victor Saporta * * *." (Emphasis added.) Thereafter, Dr. Stephenson moved for summary judgment in the district court action, contending that the judgment of the state trial court was a full and final determination on the issue of Dr. Stephenson's alleged negligence, thereby precluding any further litigation on the issue. The district court granted this motion.

Collateral estoppel is an issue of substantive law, and therefore a district court in a diversity action must apply the forum state's common law rule. *Kuehn v. Garcia,* 608 F.2d 1143, 1147 (8th Cir.1979), *cert. denied,* 445 U.S. 943, 100 S.Ct. 1340,

**314**

63 L.Ed.2d 777 (1980). To preclude further litigation of a specific issue under Nebraska law

> the issue concluded must have been identical, must have been or could have been raised and litigated in the prior action, must have been material and relevant to the disposition of the prior action, and the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Flobert Industries, Inc. v. Stuhr,* 216 Neb. 389, 343 N.W.2d 917, 919 (1984). *See also JED Construction Co. v. Lilly,* 208 Neb. 607, 305 N.W.2d 1, 3 (1981).

Although Dr. Saporta admits that the issue of Dr. Stephenson's negligence was litigated and determined in the state court action, he contends that this determination was neither material and relevant, nor necessary and essential, and accordingly should not preclude him from relitigating the issue in federal court. He argues that, because the state court never determined that Dr. Stephenson was an employee of the state, any reference to Dr. Stephenson's negligence, or lack thereof, was merely dicta and therefore legally insufficient to preclude him from litigating the issue in district court. We disagree.

Because the state argued that Dr. Stephenson was an independent contractor rather than a state employee, the state trial court was required to determine whether (1) Dr. Stephenson was negligent, and (2) Dr. Stephenson was an employee of the state. Dr. Saporta offered evidence, including expert testimony, that Dr. Stephenson was negligent in the treatment and care of Victor Saporta. Because the court determined that the evidence failed to prove that Dr. Stephenson was negligent, the court apparently found it unnecessary to determine Dr. Stephenson's employment status. Therefore, contrary to Dr. Saporta's contention, the issue of Dr. Stephenson's negligence was relevant and necessary to the court's resulting judgment. Accordingly, the judgment of the district court is affirmed.