MARK VANDEWALLE, APPELLANT AND CROSS-APPELLEE, V.
ALBION NATIONAL BANK, A NATIONAL BANKING ORGANIZATION,
APPELLEE AND CROSS-APPELLANT.
STEVEN VANDEWALLE, APPELLANT AND CROSS-APPELLEE, V.
ALBION NATIONAL BANK, A NATIONAL BANKING ORGANIZATION,
APPELLEE AND CROSS-APPELLANT.

500 N.W.2d 566

Filed May 28, 1993.    Nos. S-91-095, S-91-096.

Michael B. Kratville, of Kratville Law Offices, for appellants.

J. Mark Barnett, of Jewell, Gatz, Collins, Fitzgerald & DeLay, and Gerald M. Stilmock, of Tessendorf, Milbourn, Fehringer, Stilmock & Peetz, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

CAPORALE, J.

## I. STATEMENT OF CASES

These consolidated appeals arise from the summary judgments entered in favor of the Albion National Bank, the defendant-appellee in each of two separate but interrelated suits. In case No. S-91-095, the trial court dismissed the suit brought by the plaintiff-appellant, Mark VanDeWalle. In case No. S-91-096, the trial court dismissed the suit brought by the plaintiff-appellant, Steven VanDeWalle. The numerous assignments of error asserted in each case merge into a single operative claim: that dismissal of the suit was erroneous. Since in each instance we affirm the judgment of dismissal, we do not address the cross-appeal the bank asserted in each case.

## II. SCOPE OF REVIEW

We begin by recalling once again that summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Viking Broadcasting Corp. v. Snell Publishing Co., ante* p. 92, 497 N.W.2d 383 (1993); *McCurry v. School Dist. of Valley*, 242 Neb. 504, 496 N.W.2d 433 (1993). See *Amco Ins. Co. v.*

*Norton, ante* p. 444, 500 N.W.2d 542 (1993).

As to matters of law, an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court. *Universal Assurors Life Ins. Co. v. Hohnstein, ante* p. 359, 500 N.W.2d 811 (1993); *Professional Firefighters of Omaha v. City of Omaha, ante* p. 166, 498 N.W.2d 325 (1993); *Dowd v. First Omaha Sec. Corp.,* 242 Neb. 347, 495 N.W.2d 36 (1993).

## III. FACTS

Paul and Carol VanDeWalle and their appellant sons farmed and raised livestock. Although the parents and sons managed separate operations, it was common for them to trade machinery and equipment "back and forth."

The parents had borrowed money from the bank to finance their agricultural operations and were obligated to the bank on 16 promissory notes totaling in excess of $700,000. Notwithstanding that the father thought he was current on all of his obligations, the bank succeeded in obtaining a writ to replevin the parents' assets. Representatives of the bank and of the sheriff's office then proceeded to the parents' farmstead and took possession of cattle and machinery, some of the latter being claimed to have been owned solely by the sons. The cattle were later returned to the parents.

The four VanDeWalles have proved to be a pertinaciously litigious clan. First, the parents filed an adversary proceeding in the U.S. Bankruptcy Court for the District of Nebraska against the sheriff, the deputy sheriff, and the county, claiming that their seizure of the property was illegal and that their treatment of the property diminished its value. On defendants' motion, the bankruptcy court dismissed the proceeding.

Next, the sons filed an action in the U.S. District Court for the District of Nebraska at Omaha, asserting eight different bases of recovery, viz, (1) deprivation of civil rights under 42 U.S.C. § 1983 (1988); (2) deprivation of civil rights under 42 U.S.C. § 1985 (1988); (3) violation of constitutional due process; (4) gross negligence on the part of the county; (5) gross negligence by the sheriff and deputy sheriff; (6) tort of outrage; (7) abuse of process, including malicious prosecution by the bank; and (8) violation of the Racketeer Influenced and

Corrupt Organizations Act (RICO), see 18 U.S.C. § 1964 (1988).

Finding that the sons' complaint contained "virtually identical allegations with respect to the § 1983 claim in an adversary proceeding in [the] Bankruptcy Court" filed by the parents, the judge presiding over this Omaha federal suit found that the allegations of the parents' bankruptcy court complaint with respect to the ownership of the property in question were patently at odds with the allegations of the sons' complaint in that regard. He also found that the sons had failed to state claims upon which relief could be granted under §§ 1983 and 1985, constitutional due process, or RICO. Finally, the judge concluded that

> [i]n light of this Court's dismissal of plaintiffs' claims upon which federal jurisdiction is premised, plaintiffs' pendent state claims will also be dismissed. This Court does not have jurisdiction over plaintiffs' pendent state claims absent an independent federal question. . . . Ordinarily, if federal claims are subject to dismissal, pendent jurisdiction should not be exercised. . . .

(Citations omitted.) Accordingly, the judge dismissed the suit. The sons then moved for reconsideration, whereupon the judge granted them time within which to file an amended complaint. After the sons failed to amend, the judge again dismissed their suit.

Each of the sons then filed in the state district court the suits which are the subjects of these appeals. Following a series of amendments to their original petitions, each of the brothers ultimately pled that the bank tortiously interfered with his business relationship, converted his property, acted negligently, and maliciously prosecuted him.

After the sons filed their state suits, the parents chose to again try their luck in what they apparently came to regard as the litigation lottery by bringing suit in the U.S. District Court for the District of Nebraska at Lincoln against the bank, the sheriff, the deputy sheriff, and the state district court, alleging an unreasonable seizure, denial of due process, violation of § 1983, conversion, and deprivation of their rights, privileges, and immunities under state law.

Before the sons' state court suits were adjudicated, the judge

presiding over the Lincoln federal suit dismissed the parents' claims against the state district court for failure to state a claim and, relying upon the previous bankruptcy proceeding and Omaha federal suit, also granted the sheriff's, the deputy sheriff's, and the bank's motions for summary judgment. In doing so, the judge wrote that the case was "an attempt by the plaintiffs to have their case heard once more in a different forum . . . ." The U.S. Court of Appeals for the Eighth Circuit affirmed the dismissal without a published opinion. *Vandewalle v. Albion Nat. Bank*, 938 F.2d 186 (8th Cir. 1991).

## IV. ANALYSIS

If, as the bank claims, any of the federal proceedings have a preclusive effect, the bank is entitled to judgment as a matter of law in the suits now before us.

### 1. NATURE OF RES JUDICATA

We thus begin by studying the doctrine of res judicata, which is a firmly rooted rule of " 'fundamental and substantial justice,' " not " 'a mere matter of practice or procedure inherited from a more technical time than ours.' " *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981), quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 37 S. Ct. 506, 61 L. Ed. 1148 (1917).

The doctrine "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate[,] protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

As observed by Judge Learned Hand, res judicata " 'must be treated as a compromise between two conflicting interests: the convenience of avoiding a multiplicity of suits and the adequacy of the remedies afforded for conceded wrongs.' " *Lyons v. Westinghouse Electric Corporation*, 222 F.2d 184, 189 (2d Cir. 1955), *cert. denied sub nom.*, *Walsh v. Lyons*, 350 U.S. 825, 76 S. Ct. 52, 100 L. Ed. 737.

We have said that the doctrine

"is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. . . .

"Res judicata is founded on a policy favoring termination of an action by preclusion or prevention of subsequent litigation on the same cause."

*Ballard v. Giltner Pub. Sch.*, 241 Neb. 970, 973-74, 492 N.W.2d 855, 857 (1992), quoting *NC + Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 422 N.W.2d 542 (1988).

## 2. THE FEDERAL DOCTRINE

Because it is the federal law of res judicata that is to be examined and applied when a state court is faced with the issue of determining the preclusive effect of a federal court's judgment, we examine federal decisions germane to the issue at hand. *Aerojet-General Corporation v. Askew*, 511 F.2d 710 (5th Cir. 1975), *cert. denied sub nom., Metropolitan Dade County v. Aerojet-General Corporation*, 423 U.S. 908, 96 S. Ct. 210, 46 L. Ed. 2d 137, *reh'g denied* 423 U.S. 1026, 96 S. Ct. 470, 46 L. Ed. 2d 400; *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714 (Tex. 1990); *Anderson v. Phoenix Investment Counsel of Boston, Inc.*, 387 Mass. 444, 440 N.E.2d 1164 (1982).

Under federal law, a final judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action. *Poe v. John Deere Co.*, 695 F.2d 1103 (8th Cir. 1982); *Federated Department Stores, Inc. v. Moitie, supra.* The doctrine of res judicata bars relitigation of a claim if three requirements are met: (1) The prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Armstrong v. Norwest Bank, Minneapolis, N.A.*, 964 F.2d 797 (8th Cir. 1992); *Mills v. Des Arc Convalescent Home*, 872 F.2d 823 (8th Cir. 1989); *Headley v. Bacon*, 828 F.2d 1272 (8th Cir. 1987). Cf. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556 (5th Cir. 1983).

### 3. THE LINCOLN FEDERAL SUIT

With the foregoing in mind, we turn our attention to the parents' Lincoln federal suit, the last-filed federal action.

#### (a) Competency of Jurisdiction

The first requirement for the application of res judicata, that the questioned prior decision be rendered by a court of competent jurisdiction, is not contested and is clearly satisfied.

#### (b) Final Judgment on Merits

The second requirement, that there be a final judgment on the merits, has also been met. As to the suit against the state district court, it is well established that a dismissal for a failure to state a claim (Fed. R. Civ. P. 12(b)(6)) is a final judgment on the merits for res judicata purposes. *Federated Department Stores, Inc. v. Moitie, supra*; *Carter v. Money Tree Co.*, 532 F.2d 113 (8th Cir. 1976), *cert. denied* 426 U.S. 925, 96 S. Ct. 2636, 49 L. Ed. 2d 380.

Moreover, because res judicata is a substantive rule, *Federated Department Stores, Inc. v. Moitie, supra*, we conclude that under federal law, a determination that claims are barred by res judicata is likewise a final judgment on the merits. See, also, *Reeves & Co. v. Lamm Bros.*, 135 Iowa 201, 112 N.W. 642 (1907) (judgment on plea in bar constitutes final judgment on merits). Neither is there any question that under federal law, a judgment entered on a motion for summary judgment is just as binding for res judicata purposes as a judgment entered after a trial of the facts. *Ruple v. City of Vermillion, S.D.*, 714 F.2d 860 (8th Cir. 1983), *cert. denied* 465 U.S. 1029, 104 S. Ct. 1290, 79 L. Ed. 2d 692 (1984). Thus, the dismissal of the claims against the bank, the sheriff, and the deputy sheriff is likewise a final judgment on the merits.

Nor is the sons' contention that the judgment in the Lincoln federal suit is erroneous of any moment. Their position is that as all the pendent state claims in the Omaha federal suit were dismissed because of a lack of jurisdiction, the judgment in that regard was not on the merits and thus could not be relied upon in the Lincoln federal suit. However, our law is that a judgment, even if erroneous, is not subject to collateral attack unless it is void, *State v. Wessels and Cheek*, 232 Neb. 56, 439 N.W.2d 484

(1989), such as would be the case where a judgment is entered without jurisdiction over the person or subject matter. See, e.g., *State ex rel. Casselman v. Macken*, 194 Neb. 806, 235 N.W.2d 867 (1975).

### (c) Sameness of Cause of Action and Parties

The third requirement, that the same cause of action and the same parties or their privies be involved in both cases, is not as manifest, but is nonetheless present as well.

### *(i) Cause of Action*

With respect to the sameness of the cause of action, it has been observed that although "[t]he parameters [sic] of a 'claim' cannot be stated with mathematical precision," *Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir. 1982), the U.S. Court of Appeals for the Eighth Circuit has adopted the approach advocated in the Restatement (Second) of Judgments in determining whether two separately asserted claims arise from the same cause of action for res judicata purposes. *Poe v. John Deere Co., supra*. That position holds:

> "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."

*Poe v. John Deere Co.*, 695 F.2d at 1106, quoting Restatement (Second) of Judgments § 24(1) (1982). Accord, *Lane v. Peterson*, 899 F.2d 737 (8th Cir. 1990), *cert. denied* 498 U.S. 823, 111 S. Ct. 74, 112 L. Ed. 2d 48; *Murphy v. Jones*, 877 F.2d 682 (8th Cir. 1989). What constitutes a " 'transaction' " or " 'series of connected transactions' " is " 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *Poe v. John Deere Co.*, 695 F.2d at 1106, quoting the Restatement, *supra*. "Put another way, whether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of

operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d at 684-85.

As do the present suits, the Lincoln federal suit sought to litigate the alleged illegal seizure and detention of the property of the four VanDeWalles, thereby attempting to right the perceived wrongs flowing from the bank's replevin.

Nor does it matter that several different claims are involved.

> That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

The Restatement, *supra*, § 24(2) at comment *c*. at 200.

### (ii) Parties

The parties in the federal suit and the present suits are obviously not the same; whereas it was the parents who brought the Lincoln federal suit, it is the sons who are the plaintiffs here. But while "[p]rivity does not exist merely because parties happen to be interested in the same question, or in proving or disproving the same state of facts," *Headley v. Bacon*, 828 F.2d 1272, 1277 n.4 (8th Cir. 1987), and close family relationships are not sufficient by themselves to establish privity with the original suit's party, *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860 (5th Cir. 1985), nonetheless, parties not actually named in the original case may be subject to the bar of res judicata if they are in privity to the original parties.

> There is no definition of "privity" which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel. Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same.

*Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274-75 (10th Cir. 1989).

Although the allegations in the suits at issue directly

contradict the claims in the Lincoln federal suit on the matter of the ownership of the property replevied, the facts remain that the parents and sons had a close, mutual relationship with respect to the property and that all three suits arise out of the same occurrence. As noted by one commentator, "it has come to be recognized that the privity label simply expresses a conclusion that preclusion is proper." 18 Charles A. Wright et al., Federal Practice and Procedure § 4449 at 418 (1981). Under the circumstances, the entire VanDeWalle clan is in privity for the purposes of these suits.

Nor is it material that the sons filed their initial petitions in the suits at issue before the parents filed their federal action, for between two actions pending at the same time, the first of the two judgments announced has a preclusive effect. *Unger v. Consolidated Foods Corp.*, 693 F.2d 703 (7th Cir. 1982), *cert. denied* 460 U.S. 1102, 103 S. Ct. 1801, 76 L. Ed. 2d 366 (1983); the Restatement, *supra*, § 14.

#### 4. OTHER ACTIONS

In view of the determination that the present suits are barred by the judgment in the Lincoln federal suit, we do not concern ourselves with the preclusive effects, if any, of the bankruptcy proceeding and the Omaha federal suit.

### V. JUDGMENT

The VanDeWalle clan having had its days in court, and preclusion being thus proper, the judgment of the trial court is affirmed.

AFFIRMED.