ASHTON OPTICAL IMPORTS, INC.,
an Arizona Corporation,
Plaintiff,

v.

INCITE INTERNATIONAL, INC., a Nebraska corporation; Richard Nelson, an individual; and Richard Mewha, an individual, Defendants.

No. 8:01CV554.

United States District Court,
D. Nebraska.

June 10, 2003.

Michael G. Yoder, O'Melveny, Meyers Law Firm, Newport Beach, CA, Todd A.

Green, Afrasiabi, Arledge Law Firm, Costa Mesa, CA, for Plaintiff.

Brian M. Daucher, Sheppard, Mullin Law Firm–Costa Mesa, Costa Mesa, CA, Robert M. Gonderinger, Scott D. Jochim, Croker, Huck Law Firm, Omaha, NE, Robert S. Lannin, Shively Law Offices, P.C., Lincoln, NE, for Defendants.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on defendants' motion for summary judgment. Filing No. 47, and plaintiff's motion for summary judgment, Filing No. 51.[1] Plaintiff has sued defendants for intentional interference with a contract between plaintiff and a company known as Matita. Defendants contend that the doctrines of res judicata and collateral estoppel bar the claims of the plaintiff in this litigation. I have carefully reviewed the motions, briefs, and indices of evidence filed by each of the parties. I conclude that defendants' motion for summary judgment should be denied.

### Standard of Review

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(C); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir.1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Therefore, if the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159–60, 90 S.Ct. 1598; *Cambee's Furniture, Inc. v. Doughboy Recreational, Inc.*, 825 F.2d 167, 173 (8th Cir.1987).

Once the defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed.R.Civ.P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir.1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### Facts/Procedural History

On July 11, 2002, I issued a memorandum and order detailing a substantial part of the background of this case. Filing No. 41 at 1–3. In that order, I stayed this case

---

1. Although plaintiff's motion, Filing No. 51, has been docketed as a motion for summary judgment, in reality it is an opposition to defendants' motion for summary judgment. I shall, therefore, treat it as an opposition to the defendants' motion for summary judgment.

pending the disposition of a similar case in California. The parties have now stipulated that the Ninth Circuit case has been dismissed and that the counterclaims in the case pending before me are dismissed. Filing Nos. 43, 45, and 46. Rather than repeat those facts from the July 11, 2002, order in this memorandum and order, I shall incorporate the facts by reference and include other relevant facts as necessary.

The parties have now filed their respective motions for summary judgment arguing about the effect of a dismissal in a Japanese court of law of a case filed by Ashton Optical Imports (also known as Optical Shop of Aspen) (hereinafter "OSA") against Matita. OSA is the plaintiff in this lawsuit and in the Japanese lawsuit. Matita was the defendant in the Japanese lawsuit, but it is not a defendant in the lawsuit before me. The three defendants in the present lawsuit, Incite International Inc., Richard Nelson, and Richard Mewha, were not defendants in the Japanese lawsuit.

The issue before this court regarding the effect of the dismissal of the Japanese case was not raised in the previous motion to dismiss before me, so additional facts are necessary. Plaintiff contends that it was the exclusive eyewear distributor for Matita in North America since 1992. Defendants Nelson and Mewha, who at all relevant times herein were employees of the plaintiff OSA, allegedly tried to obtain this exclusive distribution right, knowing that Matita and OSA had just renewed their exclusive contract. It appears that Matita did not ever terminate its agreement with OSA, but instead allowed Incite to also become a distributor in North America, and it allowed defendant Incite International, Inc. to have the exclusive right to the new lines of eyewear. Incite

International is a business owned by defendants Nelson and Mewha.

On December 2, 1999, OSA sued Matita for breach of contract in the Tokyo District Court. However, for a number of reasons, OSA "voluntarily abandoned" that action. Both the plaintiff and the defendants agree that such abandonment is the equivalent to dismissal with prejudice in the United States. Thereafter, on October 25, 1999, the California case was filed against Incite, Nelson and Mewha for intentional interference with contract and conspiracy to induce breach of contract. The California suit has since been dismissed.

On October 24, 2001, plaintiff filed the instant complaint against Incite, Nelson and Mewha. OSA claims defendants intentionally interfered with the contract between it and Matita and conspired to breach said contract. Defendants contend that OSA's dismissal with prejudice of the Japanese lawsuit prohibits the filing of this case.

### Discussion

#### a. Nebraska Law—Interference with Contract

Nelson and Mewha have moved for summary judgment on the basis of res judicata and collateral estoppel. In essence, they argue that Nebraska law requires proof of a breach of contract in order for a claim for tortious interference to occur. *Pettit v. Paxton*, 255 Neb. 279, 583 N.W.2d 604, 609 (1998). Defendants argue that because the Japanese case has already been dismissed with prejudice, that plaintiff would be unable to prove a breach of contract against Matita. Plaintiff contends that this issue has already been decided by the California court which concluded that the Japanese dismissal, even if it precludes a future suit against Matita, would not bar a tortious interference claim against Nelson

and Mewha. (*See* July 2, 2001, Civil Minutes, Ex. 3 to Green Affidavit.)

### b. Collateral Estoppel/Res Judicata

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (citations omitted). Application of both doctrines is central to the purpose for which civil courts have been established-the conclusive resolution of disputes within their jurisdictions. *Montana v. United States*, 440 U.S. 147, 154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Unlike res judicata, however, collateral estoppel will in some cases bar re-litigation of a particular issue even where both disputing parties were not bound by the earlier judgment. *Parklane*, at 327–28, 331, 99 S.Ct. 645. This added potential for binding effect operates fairly only because collateral estoppel requires that the issues have been fairly and fully litigated in the first suit, and that it be necessarily decided by that suit's outcome. *Id.* at 327, 99 S.Ct. 645.

 Collateral estoppel is an issue of substantive law requiring the application of state law in diversity actions. *Jaramillo v. Burkhart*, 999 F.2d 1241, 1243 (8th Cir.1993). Under Nebraska law, collateral estoppel will preclude further litigation of a specific issue if (1) the identical issue was decided in a prior action; (2) there was a final judgment on the merits; (3) the party against whom the rule is to be applied was a party to, or is in privity with a party to, the prior action; and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742, 749 (2001). An issue is identical in the absence of a significant factual change. *Kopecky v. Nat'l Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41, 49 (1994).

 Because due process requires that the rule of collateral estoppel operates only against persons who have had their day in court, this court must assure that the party against whom collateral estoppel is to be applied is either a party to the prior suit or is in privity with a party to the prior litigation. *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443, 457 (1990). Privity implies a relationship by succession or representation between the party to the second action and the party to the prior action with respect to the right adjudicated in the first action. *Id.* In its broadest sense, the definition of "privity" includes "such an identification of interest of one person with another as to represent the same legal right." *Id.* However, the mere fact that litigants in different cases are interested in the same question or desire to prove or disprove the same fact or set of facts is not a basis for privity between the litigants. *Id.*, 458 N.W.2d at 458.[2]

 The strict rule that a judgment is operative only in regard to parties and privies is sometimes expanded to include as parties or privies a person who is not technically a party to a judgment or in privity with a party, but who is, neverthe-

---

**2.** Privity of all parties, however, is not necessarily required for collateral estoppel. *JED Constr. Co. v. Lilly*, 208 Neb. 607, 305 N.W.2d 1, 3 (1981). A stranger to a primary suit can assert the theory of issue preclusion in a subsequent suit provided the issue is identical, it was raised and litigated in the prior action, it was material and relevant to the disposition of the prior action, and the determination was necessary and essential to the resulting judgment. *Id.; Saporta v. Stephenson*, 751 F.2d 312, 314 (8th Cir.1985).

less, connected with it by his or her interest in the prior litigation and right to participate therein, at least where such right is actively exercised. *Jaramillo*, 999 F.2d at 1245. Moreover, the interests fostered by the doctrine of collateral estoppel are implicated when nonparties assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved. *Montana v. United States*, 440 U.S. at 154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (noting that the persons for whose benefit and at whose direction a cause of action is litigated cannot be said to be a stranger to the cause). Thus, one who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own is as much bound as he would be if he had been a party. *Id.*[3]

■ In order for the doctrine of res judicata to apply, defendants must show that both suits are based on the same causes of action, and that both suits are between the same parties. *Fred Gorges Lincoln–Mercury, Inc. v. Urquhart*, 427 F.2d 492, 495 (8th Cir.1970). Under Nebraska law, the doctrine bars re-litigation between parties or their privies of any rights, facts, or matters in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered on the merits. *Vann v. Norwest Bank Nebraska, N.A.*, 256 Neb. 623, 591 N.W.2d 574, 577 (1999).

■ Res judicata bars not only issues actually litigated in the prior proceeding, but also issues which could have been raised. The doctrine applies "not only to points upon which the court was actually required by the parties to form an opinion, but to every point which the court properly belonged to the subject of the litigation and which the parties exercising reasonable diligence might have brought forward at the time." *Id.* (holding that matters in an action for an accounting were not germane to the subject of an action for a declaratory judgment). *See also, VanDeWalle v. Albion Nat'l Bank*, 243 Neb. 496, 500 N.W.2d 566, 573 (1993). "The mere fact that litigants in different cases are interested in the same question or desire to prove or disprove the same fact or set of facts is not a basis for privity between the litigants." *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443, 458 (1990). Privity requires, "at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *VanDeWalle v. Albion*, 243 Neb. 496, 500 N.W.2d 566 (1993). I now turn to the case before me.

■ I agree with the defendants that Tokyo District Court is a court of competent jurisdiction. Neb.Rev.Stat. § 25–1587.01 (recognizing foreign judgments). However, I disagree with defendants' argument that abandonment of the Japanese claim is a final judgment on the merits as it relates to this case. The *Simpson* case

---

**3.** In the related context of res judicata, the common law notion of privity, "that claim preclusion only works against those who had a fair chance to contest the earlier suit," has been liberalized, "and the focus of the claim preclusion inquiry has in some instances shifted from whether a party itself participated in the prior litigation to whether the party's interests were litigated in the earlier case, albeit by another." *County of Boyd v. U.S. Ecology*, 48 F.3d 359, 361 (8th Cir.1995). The focus is not the nature of the relationship between the parties alleged to be privies, but the identity of their interests in the first litigation. *See Headley v. Bacon*, 828 F.2d 1272, 1277 (8th Cir.1987) (regarding privity for res judicata).

relied on by the defendants is inapposite. In *Simpson*, the plaintiff filed against the defendants in state court, an opinion was issued and the case remanded, and the plaintiff then filed an action against the same defendants for a § 1983 violation in federal court. The case was settled and the plaintiff dismissed the action with prejudice. Thereafter, the plaintiff again filed state law claims against the defendants in state court. The claims were virtually the same and the parties in each lawsuit were the same. Further, the parties had settled the claims and thereafter dismissed the lawsuit with prejudice. The court concluded that the dismissal operated as res judicata as to the third action. *Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450, 451–52 (1983). Unlike *Simpson*, the case at hand does not have the same parties or the same issues as did the Japanese lawsuit. The conclusive effect applies only if there is a final judgment on the merits involving the same cause of action and the same parties. Thus, res judicata is not a bar to the action before me.

 With regard to the issue of collateral estoppel, there was no actual litigation of the issues currently before me in the Japanese court. The cause of action filed in the Japanese lawsuit dealt with a contract claim against Matita; whereas, in this case the claim is against three different defendants and the case is one of tort. The issue must have actually been litigated and decided. *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 939 (8th Cir.2000). A dismissal with prejudice, requested by the plaintiff, is not sufficient to invoke the doctrine of collateral estoppel, as the issues must actually have been litigated. *Wilwording v. Swenson*, 502 F.2d 844, 848 (8th Cir.1974).

Defendants argue that a dismissal with prejudice operates as a final judgment on the merits. In general, that is an accurate statement of the law. However, such an analysis begs the question. The court has determined that the cause of action and the parties in this case are not the same as in the case brought in Japan. Further, the court has concluded that the parties are not in privity, so the dismissal cannot operate to bar the claims against the defendants in this case. Consequently, the order of dismissal in the Japanese court is not conclusive in this case against these defendants.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the defendants' motion for summary judgment, Filing No. 47, is hereby denied.