PORTIA REESE, INDIVIDUALLY AND AS ADMINISTRATIX OF THE ESTATE OF CARLO REESE, PLAINTIFF v. LEE TODD BARBEE, DEFENDANT

No. COA97-953

(Filed 16 June 1998)

### 1. Insurance § 1093 (NCI4th)— uninsured motorist—motion to dismiss—filed by insurer in name of defendant—not rendered moot by service on defendant

In an action arising from an automobile accident in which defendant Barbee was uninsured and plaintiff sought recovery from Nationwide under a policy which she claimed provided uninsured motorist coverage for decedent, defendant Nationwide's motion to dismiss "in the name of" defendant Barbee was asserted solely on Nationwide's behalf and was not rendered moot by the subsequent service of process on defendant Barbee. N.C.G.S. § 20-279.21(b)(3)a unambiguously provides that an uninsured motorist carrier may defend in the name of the uninsured motorist or in its own name, evincing a legislative recognition that the uninsured motorist and the insurer providing uninsured motorist coverage are separate parties with independent interests.

### 2. Insurance § 1093 (NCI4th)— statute of limitations—service on insurer

In an action arising from an automobile accident in which defendant Barbee was uninsured and plaintiff contended that defendant Nationwide provided uninsured motorist coverage, plaintiff was required to serve Nationwide with a copy of the process issued in the action against defendant Barbee. N.C.G.S. § 20-279.21(b)(3)a is unequivocal in its requirement that service of process must be obtained upon the insurer in order for the insurer to be bound by a judgment against the uninsured motorist.

### 3. Limitations, Repose, and Laches § 35 (NCI4th)— wrongful death—uninsured motorist—service on insurer—not timely

The trial court did not err by dismissing an action against Nationwide which arose from an automobile accident where the individual defendant was uninsured and Nationwide allegedly provided uninsured motorist coverage. The last alias and pluries

REESE v. BARBEE

[129 N.C. App. 823 (1998)]

summons preceding the summons issued to Nationwide expired and discontinued the action as to any defendant not served. Although Nationwide's liability is derivative of the individual defendant's, Nationwide is not precluded from asserting the statute of limitations even though the defense may not be available to the tortfeasor.

Appeal by plaintiff from order entered 17 June 1997 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 19 March 1998.

*Pipkin, Knott, Clark & Berger, L.L.P., by Michael W. Clark and Ashmead P. Pipkin; and Currie, Becton & Stewart, by Elwood Becton, for plaintiff-appellant.*

*Bailey & Dixon, L.L.P., by Kenyann Brown Stanford, for unnamed defendant-appellee Nationwide Mutual Insurance Company.*

*Cranfill, Sumner, & Hartzog, L.L.P., by Stephanie Hutchins Autry, for unnamed defendant-appellee North Carolina Farm Bureau Mutual Insurance Company, Inc.*

*Yates, McLamb & Weyher, L.L.P., by Rodney E. Pettey, for defendant-appellee Lee Todd Barbee.*

MARTIN, John C., Judge.

Plaintiff commenced this action on 26 July 1996 seeking damages for the wrongful death of her son, Carlo Reese (decedent). Decedent died on 28 July 1994 from injuries he sustained on 15 July 1994 when a car in which he was a passenger was struck by a car driven by defendant. Plaintiff's attempts to serve defendant Barbee with process issued on 26 July 1996 were unsuccessful. However, plaintiff obtained a continuous chain of alias and pluries summonses until 10 October 1996, when service on defendant Barbee was accomplished.

Defendant Barbee was apparently uninsured, and plaintiff sought recovery from Nationwide Mutual Insurance Company (Nationwide) under the provisions of a policy which she claimed provided uninsured motorist coverage for decedent. Plaintiff, however, did not have summons issued to Nationwide at the time the action was filed, nor did plaintiff attempt to serve Nationwide with the process issued to defendant Barbee. On 23 August 1996, before defendant Barbee was served, Nationwide, "appearing in the name of the allegedly unin-

REESE v. BARBEE

[129 N.C. App. 823 (1998)]

sured motorist, Lee Todd Barbee", filed a motion to dismiss the action for insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction. Defendant Barbee subsequently filed answer, as did North Carolina Farm Bureau Mutual Insurance Company, which appeared as an unnamed defendant pursuant to G.S. § 20-279.21.

On 13 March 1997, Nationwide requested that its motion to dismiss be calendared for hearing at the 28 April 1997 civil session of the Wake County Superior Court. On 24 April 1997, plaintiff obtained the issuance of a summons directed to Nationwide and served Nationwide with the summons and a copy of the complaint by serving the Commissioner of Insurance. At the hearing on 28 April, Nationwide's counsel was permitted to amend its motion to dismiss to assert, as an additional ground, the expiration of the statute of limitations. The trial court held plaintiff's action against Nationwide was barred by G.S. § 1-53(4) and dismissed the action as against Nationwide. Plaintiff gave notice of appeal and the trial court certified the judgment as a final judgment, immediately appealable pursuant to G.S. § 1A-1, Rule 54(b).

---

[1] Plaintiff assigns error to the dismissal of her action against Nationwide. She argues first that Nationwide's original motion to dismiss, filed 23 August 1996, was filed solely on behalf of defendant Barbee. Therefore, she contends, the motion was rendered moot when defendant Barbee was served with process and Nationwide could not assert the motion in its own behalf. We disagree.

G.S. § 20-279.21(b)(3)a provides, in pertinent part:

A provision that the insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist by registered or certified mail . . . . The insurer, upon being served as herein provided, *shall* be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and *may defend the suit in the name of the uninsured motorist or in its own name* . . . (emphasis added).

"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (quoting *Utilities*

*Comm. v. Edmisten, Atty. General,* 291 N.C. 451, 232 S.E.2d 184 (1977)). G.S. § 20-279.21(b)(3)a unambiguously provides that an uninsured motorist carrier may defend in the name of the uninsured motorist or in its own name, evincing a legislative recognition that the uninsured motorist and the insurer providing uninsured motorist coverage are separate parties with independent interests. *Grimsley v. Nelson,* 342 N.C. 542, 467 S.E.2d 92, *reh'g denied,* 343 N.C. 128, 468 S.E.2d 774 (1996). "N.C.G.S. 20-279.21(b)(3)a establishes, however, that the insurer . . . is a separate party to the action between the insured plaintiffs and [the uninsured motorist] defendant . . . ." *Id.* at 546, 467 S.E.2d at 95.

In *Grimsley,* the Court considered whether an appearance by the uninsured motorist carrier "in the name of" the defendant uninsured motorist could be construed as an appearance by said defendant. The Court answered that it could not. Similarly, in this case, Nationwide's motion to dismiss filed "in the name of" defendant Barbee was asserted solely on Nationwide's own behalf, and was not rendered moot by the subsequent service of process on defendant Barbee.

[2] Plaintiff also argues the trial court erred in concluding that her uninsured motorist coverage claim was barred by the statute of limitations. She contends the statutory requirement of G.S. § 20-279.21(b)(3)a that the insurer be served with process is merely a notice requirement, and that evidence that the insurer had actual notice of the pending lawsuit should be sufficient to render it bound by the final judgment in the action against the uninsured motorist. Thus, she asserts, Nationwide had actual notice of the pending suit through the original process issued prior to the expiration of the statute of limitations. However, G.S. § 20-279.21(b)(3)a is neither ambiguous nor subject to the interpretation suggested by plaintiff; the statute is unequivocal in its requirement that, in order for the insurer to be bound by a judgment against the uninsured motorist, service of process must be obtained upon the insurer.

Our construction of G.S. § 20-279.21(b)(3)a is bolstered by a comparison of its language to that contained in N.C.G.S. § 20-279.21(b)(4), which relates to underinsured motorist coverage. According to subsection 279.21(b)(4), "(a) party injured by the operation of an underinsured highway vehicle . . . shall *give notice of the initiation of the suit* to the underinsured motorist insurer . . . . Upon receipt of notice, the underinsured motorist insurer *shall have the right* to appear in defense of the claim without being named as a party therein . . . ." N.C.

REESE v. BARBEE

[129 N.C. App. 823 (1998)]

Gen. Stat. § 20-279.21(b)(4) (1997) (emphasis added). An underinsured motorist carrier may choose to participate in the action if it receives notice of a pending lawsuit, while an uninsured motorist carrier must join as a party only if it is served with process. The differences between these two statutes strongly suggest the legislature intended that the service requirement found in the uninsured motorist statute be rigidly enforced. Thus, we hold plaintiff was required to serve Nationwide with a copy of the process issued in the action against defendant Barbee.

[3] Nevertheless, plaintiff argues G.S. § 20-279.21(b)(3)a does not prescribe any time limit within which process must be served on the uninsured carrier, and that we should hold the applicable limitations period to be that provided by G.S. § 1-52, i.e., three years, or, in the alternative, a "reasonable time." We disagree.

A summons issued more than ninety days after the issuance or endorsement of the previous summons does not relate back to the date of the prior summons; issuance of the new summons commences an entirely new action. N.C. Gen. Stat. § 1A-1, Rule 4(e); *Lackey v. Cook*, 40 N.C. App. 522, 253 S.E.2d 335, *disc. review denied*, 297 N.C. 610, 257 S.E.2d 218 (1979). The last alias and pluries summons preceding the summons issued to Nationwide was issued 25 September 1996 and expired ninety days thereafter, discontinuing the action as to any defendant not served. N.C. Gen. Stat. § 1A-1, Rule 4(e). Plaintiff obtained service of process on Nationwide on 25 April 1997, more than ninety days after issuance of the last preceding summons. Therefore, the service of process on Nationwide did not relate back to the issuance of the original summons in this action.

G.S. § 1-53(4) requires that an action for wrongful death be commenced within two years of the date of the decedent's death. This action was not commenced as to Nationwide within two years of decedent's death and is therefore barred. Though Nationwide's liability is derivative of defendant Barbee's, Nationwide is not precluded from asserting the statute of limitations as a defense where plaintiff has not timely commenced her action against it, even though the defense may not be available to the tortfeasor. The order dismissing plaintiff's action against Nationwide is affirmed.

Affirmed.

Judges LEWIS and MARTIN, Mark D., concur.