REESE v. BARBEE

[134 N.C. App. 728 (1999)]

PORTIA REESE, Individually and as Administratrix of the Estate of CARLO REESE, Plaintiff v. LEE TODD BARBEE, Defendant

No. COA98-1487

(Filed 7 September 1999)

## 1. Appeal and Error— law of the case—same issue—earlier appellate ruling binding

Although this appeal involves a different defendant-unnamed uninsured motorist insurer, the doctrine of law of the case provides that the earlier appellate ruling on the same issue of the applicable limitations period for service upon an insurance company providing coverage for an uninsured motorist is binding on this case because both appeals arose out of a single action, involve the same facts, and raise the identical issue of law.

## 2. Collateral Estoppel and Res Judicata— claims precluded—issues precluded

Although this appeal involves a different defendant-unnamed uninsured motorist insurer, plaintiff is precluded by res judicata from re-litigating the identical issue of the applicable limitations period for service upon an insurance company providing coverage for an uninsured motorist.

Appeal by plaintiff from order entered 14 September 1998 by Judge B. Craig Ellis in Wake County Superior Court. Heard in the Court of Appeals 16 August 1999.

*Currie, Becton & Stewart, by Elwood Becton and Pipkin, Knott, Clark & Berger, L.L.P., by Michael W. Clark and Ashmead P. Pipkin, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Stephanie Hutchins Autry, for unnamed defendant-appellee North Carolina Farm Bureau Mutual Insurance Company, Inc.*

*Yates, McLamb & Weyher, L.L.P., by Rodney E. Pettey, for defendant-appellee Lee Todd Barbee.*

JOHN, Judge.

Plaintiff appeals the trial court's order allowing unnamed defendant North Carolina Farm Bureau Mutual Insurance Company's (Farm Bureau) motion to dismiss. We affirm the trial court.

**REESE v. BARBEE**

[134 N.C. App. 728 (1999)]

Pertinent factual and procedural information includes the following: On 15 July 1994, defendant Lee Todd Barbee (defendant) was involved in an automobile collision with a vehicle in which Carlo Reese (decedent), the son of plaintiff Portia Reese, was a passenger. Decedent subsequently died from injuries allegedly sustained in the collision.

On 26 July 1996, plaintiff commenced the instant wrongful death action, seeking recovery from unnamed defendants Nationwide Mutual Insurance Company (Nationwide) and North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) under the uninsured motorist provisions of respective insurance policies which plaintiff claimed provided coverage for decedent. Only Farm Bureau is involved in the present appeal.

An original summons and subsequent alias and pluries summonses were obtained until successful service upon defendant occurred on 10 October 1996. Summons was not issued to Farm Bureau until 25 April 1997 and was served 28 April 1997. In its answer, Farm Bureau raised, *inter alia*, the defense that plaintiff's claims were barred by the statute of limitations.

Summons upon Nationwide was not issued until 24 April 1997, and its subsequent motion to dismiss on grounds plaintiff's claims were barred by the applicable limitations period was allowed by the trial court. On plaintiff's appeal, this Court affirmed the ruling, holding the action against Nationwide had not been commenced within two years of decedent's death on 28 July 1994 as required by N.C.G.S. § 1-53(4) (1996). *Reese v. Barbee*, 129 N.C. App. 823, 501 S.E.2d 698 (1998), *aff'd*, 350 N.C. 60, 510 S.E.2d 374 (1999).

Farm Bureau filed a similar motion to dismiss plaintiff's claim on 17 June 1998. The motion was allowed and plaintiff appeals.

Plaintiff maintains this Court is not bound by the previous opinion in *Reese*, noting that our Supreme Court, being evenly divided, stated the decision was without precedential value. *Reese v. Barbee*, 350 N.C. 60, 510 S.E.2d 374 (1999). Farm Bureau responds that the earlier decision nonetheless constituted the law of the instant case and, further, that the doctrine of res judicata compels affirmance of the trial court's order. We conclude Farm Bureau has the better of the argument.

Where an appellate court decides questions and remands a case for further proceedings, its decisions on those questions become

law of the case, both in the subsequent proceedings in the trial court and upon a later appeal, where the same facts and the same questions of law are involved.

*Sloan v. Miller Building, Corp.*, 128 N.C. App. 37, 41, 493 S.E.2d 460, 463 (1997).

[1] Although the present appeal involves a different unnamed defendant, both the current and previous appeals arose out of a single action, involve the same facts, and have raised the identical issue of law. Moreover, both Nationwide and Farm Bureau became parties pursuant to N.C.G.S. § 20-279.21(b)(3)(a) (1993). Accordingly, the earlier appellate ruling on the issue raised herein is binding under the doctrine of law of the case. *See also In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989) (subsequent panel of Court of Appeals bound by decision of earlier panel on same issue, even if in a different case, unless precedent has been overturned by a higher court).

[2] In addition, the doctrine of res judicata prevents a plaintiff, who has once litigated an issue and had it finally determined adversely, from re-litigating the identical issue against a second defendant. *Crosland-Cullen Co. v. Crosland*, 249 N.C. 167, 170, 105 S.E.2d 655, 657 (1958). In the case *sub judice*, the issue of the applicable limitations period for service upon an insurance company providing coverage for an uninsured motorist has earlier been litigated by plaintiff and determined adversely to her. The circumstance that the present appeal involves a different uninsured motorist insurer is of no consequence. *See id.*

Affirmed.

Judges HUNTER and SMITH concur.