NO. COA13-1121

NORTH CAROLINA COURT OF APPEALS

Filed:  3 June 2014

JACKSON KAHIHU,
    Plaintiff,

    v.                             Durham County
                                   No. 11 CVD 5031

RAYMOND BRUNSON,
    Defendant.


    Appeal by plaintiff from order entered 12 March 2013 by Judge Nancy E. Gordon in Durham County District Court.  Heard in the Court of Appeals 5 February 2014.


    *The Law Offices of Andrew J. Kisala, PLLC, by Andrew J. Kisala, for plaintiff-appellant.*

    *Law Offices of Robert E. Ruegger, by Robert E. Ruegger, for defendant Integon National Insurance Company, defendant-appellee.*


    McCULLOUGH, Judge.


    Plaintiff Jackson Kahihu challenges an order granting defendant Integon National Insurance Company's motion for directed verdict.  For the reasons stated herein, we affirm the order of the trial court.

## I.   Background

    On 23 September 2011 Plaintiff Jackson Kahihu filed a complaint against defendant Raymond Brunson.  Plaintiff alleged

the following: On 22 April 2011, plaintiff and defendant Brunson were involved in a car accident in Durham, North Carolina. Plaintiff was driving west in the right lane on Holloway Street near U.S. 70 when defendant Brunson was driving west in the left lane on the same street. As defendant Brunson was approaching the PVA turnoff to 2101 Holloway Street, he "immediately and without warning swerved across the right lane and suddenly applied his brakes which caused him to rapidly decelerate in front of Plaintiff's vehicle, leaving Plaintiff unable to stop before colliding with Defendant [Brunson]." "The sudden swerving and braking action by Defendant [Brunson] left Plaintiff unable to stop before colliding into the back of Defendant [Brunson]'s vehicle." Plaintiff alleged that due to defendant Brunson's negligence, plaintiff had suffered damage to his property, physical injuries, and other expenses.

The civil summons, issued on 23 September 2011, was returned to plaintiff on 2 November 2011, stating that defendant Brunson was not served. The civil summons included the following notation: "No contact mult. attempts + note."

On 8 November 2011, plaintiff filed a "Motion for Entry of Default" for entry of default and default judgment against defendant Brunson for failure to plead. On the same day,

plaintiff's counsel filed an "Affidavit of Service by Certified Mail." Plaintiff's counsel testified that upon filing the complaint on 23 September 2011, he mailed a file-stamped Civil Summons and Complaint to defendant Brunson via United States postal service certified mail, addressed to defendant, return receipt requested. Plaintiff's counsel testified that on 24 September 2011, the summons and complaint were delivered to defendant Brunson's place of residence and "signed for by a person presumably of suitable age and discretion who is an agent for Defendant." On 8 November 2011, the trial court entered an "Entry of Default" against defendant Brunson for failure to plead.

On 10 February 2012, plaintiff filed an amended complaint. That same day, plaintiff filed a "Motion to Set Aside Entry of Default" as to defendant Brunson. Plaintiff argued in the motion that "[a]ll responsible parties were not known to Plaintiff on the date of his Motion for Entry of Default through no fault of his own, and could not have been discovered through due diligence." Based on the foregoing, plaintiff asserted that he failed to correctly serve all responsible parties pursuant to Rule 4 of the North Carolina Rules of Civil Procedure and wished to amend his complaint. On 10 February 2012, the trial court

entered an "Order Setting Aside Entry of Default" as to defendant Brunson.

On 23 March 2012, plaintiff filed a "Motion for Entry of Default" against defendant Brunson. Thereafter, the trial court filed an "Entry of Default" against defendant Brunson.

Also on 23 March 2012, plaintiff's counsel filed an "Affidavit of Service by Certified Mail," amended 26 March 2012, alleging that on 24 September 2011, a summons and complaint was delivered to defendant Brunson's place of residence and signed by a person presumably of suitable age and discretion who is agent for defendant Brunson. The affidavit also stated that after learning that this case would proceed as an uninsured motorists claim, plaintiff's counsel mailed a file-stamped Civil Summons and Complaint on 16 February 2012 to plaintiff's insurance company and provider of his uninsured motorists policy, GMAC Insurance Management Corporation ("GMAC") or previously named Integon National Insurance Company. The summons and complaint were sent via United States postal service certified mail, addressed to GMAC's registered agent on file with the North Carolina Secretary of State, return receipt requested. Plaintiff's counsel testified that on 17 February 2012, the summons and complaint were delivered to GMAC's

registered agent and signed for by a person presumably of suitable age and discretion who is an agent for GMAC.

On 28 March 2012, Integon National Insurance Company ("defendant Integon") filed an Answer. Defendant Integon moved to dismiss plaintiff's action for lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. Defendant Integon also moved to dismiss plaintiff's action for lack of jurisdiction over defendant Brunson, insufficiency of process over defendant Brunson, and insufficiency of service of process over defendant Brunson.

On 7 May 2012, plaintiff filed a motion for default judgment against defendant Brunson and defendant Integon. Plaintiff argued that the final day for defendant Brunson to timely file an answer to plaintiff's 10 February 2012 amended complaint was 16 March 2012. Plaintiff also asserted that defendant Integon's final day to timely file an answer was 22 March 2012.

On 14 May 2012, the trial court entered an order finding the following:

> 2. [Defendant Brunson and defendant Integon] have been legally served with process.
>
> 3. [Defendant Brunson and defendant Integon] have failed to timely answer in a manner allowed by the North Carolina Rules of

> Civil Procedure, and are adjudged to be in default.
>
> 4. Plaintiff maintained a policy of uninsured motorists coverage with Defendant INTEGON.

Accordingly, plaintiff's motion for default judgment was granted and default judgment was entered against defendant Brunson and defendant Integon.

On 13 June 2012, defendant Integon filed a "Motion to Set Aside Default Judgment" pursuant to Rules 60(b)(1), (3), and (6) of the North Carolina Rules of Civil Procedure. Defendant Integon argued that plaintiff erroneously proceeded with a motion for default judgment on 14 May 2012 against defendant Integon, without first obtaining an entry of default against defendant Integon. Defendant Integon asserted that no entry of default could have been entered against defendant Integon because the trial court lacked "authority to enter an Entry of Default against a party after that party has filed its Answer."

Following a hearing held on 16 July 2012 on defendant Integon's motion to set aside the default judgment, the trial court entered an "Order Setting Aside Default Judgment Against Unnamed Defendant" on 20 July 2012. The trial court concluded, *inter alia*, that defendant Brunson and defendant Integon are two separate entities and that an entry of default against defendant

Brunson is not binding as an entry of default against defendant Integon. Thus, the trial court granted defendant Integon's motion to set aside default judgment pursuant to Rule 60(b)(6)[1].

On 30 October 2012, plaintiff filed a motion for summary judgment against defendant Brunson. On 20 November 2012, the trial court entered an order granting plaintiff partial summary judgment against defendant Brunson as to the property damages specifically pled in plaintiff's amended complaint.

The case came on for trial at the 12 March 2013 session of Durham County District Court. At the close of plaintiff's evidence, defendant Integon moved for a directed verdict.

On 12 March 2013, the trial court entered an order, finding that no summons was ever served on defendant Integon. Furthermore, the trial court found that defendant Integon preserved its challenge to jurisdiction in its answer and did not stipulate in the pre-trial order that the trial court had jurisdiction in this action. Thus, defendant Integon's motion for directed verdict was allowed for failure to serve a civil summons and complaint as required by Rule 4 of the North

---

[1]N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2013) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) Any other reason justifying relief from the operation of the judgment."

Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 20-279.21(b)(3)(a).

The case continued as a bench trial and judgment was entered on 19 March 2013 entitling plaintiff to recover for personal injury from defendant Brunson. On 21 March 2013, plaintiff filed a "Motion to Alter or Amend Judgment or New Trial Pursuant to Rules 59 & 60" which the trial court denied on 6 June 2013.

Plaintiff appeals the 12 March 2013 granting directed verdict in favor of defendant Integon.

## II. Standard of Review

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Scarborough v. Dillard's, Inc.*, 363 N.C. 715, 720, 693 S.E.2d 640, 643 (2009) (citation omitted). "If there is more than a scintilla of evidence supporting each element of the nonmovant's case, the motion for directed verdict should be denied." *Whisnant v. Herrera*, 166 N.C. App. 719, 722, 603 S.E.2d 847, 850 (2004) (citation omitted).

## III. Discussion

Plaintiff argues that the trial court erred (A) in granting defendant Integon's motion for directed verdict based on the finding that defendant Integon was not served with a summons and (B) by determining that defendant Integon needed to be served with a copy of the complaint and summons to be made a party to the action.

## A.    Directed Verdict

First, plaintiff argues that the trial court erred by granting defendant Integon's motion for directed verdict where plaintiff presented evidence that defendant Integon had been served with a copy of the summons and amended complaint. Plaintiff relies on the 26 March 2012 "Amended Affidavit of Service by Certified Mail" filed by plaintiff's attorney. He argues that this affidavit created a presumption of service which defendant Integon failed to rebut.

We note that section 20-279.21(b)(3) of the North Carolina General Statutes

> *unequivocally requires* that the [uninsured motorist] carrier be served *with a copy of the summons and complaint* in order to be bound by a judgment against the uninsured motorist. Subsection (b)(3) further directs that upon service of process, the [uninsured motorist] carrier shall become a party to the suit and shall have the time allowed by statute to file responsible pleadings.

*Liberty Mutual Insurance Co. v. Pennington*, 356 N.C. 571, 576, 573 S.E.2d 118, 122 (2002) (emphasis added); s*ee also Darroch v. Lea*, 150 N.C. App. 156, 160, 563 S.E.2d 219, 222 (2002).

The filing of an affidavit of service that complies with the requirements set out in section 1-75.10 of the North Carolina General Statutes creates a rebuttable presumption of valid service. *See Goins v. Puleo*, 350 N.C. 277, 280-81, 512 S.E.2d 748, 750-51 (1999). N.C. Gen. Stat. § 1-75.10 provides:

> (a) Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:
>
> . . . .
>
> (4) Service by Registered or Certified Mail. – In the case of service by registered or certified mail, by affidavit of the serving party averring:
>   a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
>   b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
>   c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(4) (2013).

Here, plaintiff's attorney filed an "Affidavit of Service by Certified Mail." Plaintiff's affidavit of service stated that on 16 February 2012, plaintiff's attorney mailed a file-stamped summons and amended complaint to defendant Integon via certified mail, return receipt requested. This affidavit complied with the requirements set out in N.C. Gen. Stat. § 1-75.10, thereby creating a rebuttable presumption of valid service.

Defendant Integon argues that the trial court necessarily concluded that the affidavit of Andrew Gachaiya, an employee of Corporation Service Company ("CSC") who is the registered agent of defendant Integon, rebutted the presumption of valid service. We agree.

Gachaiya's affidavit stated that CSC documents and maintains records of "all documents served upon it on behalf of the companies for which it is registered agent." Gachaiya stated that he had reviewed its records to identify all documents plaintiff had served on it as defendant Integon's registered agent. According to Gachaiya, on 17 February 2012, "CSC's North Carolina office received via certified mail an Amended Complaint addressed to Corporation Service Company in the matter of *Jackson Kahihu vs. Raymond Brunson* Case Number

11CVD05031 in the Durham County District Court[.]" Gachaiya's affidavit made no mention of receiving a copy of the summons. In addition, CSC received an affidavit of service and an amended affidavit of service on 26 March 2012 and 28 March 2012, respectively. Furthermore, Gachaiya's affidavit stated that "prior to March 27, 2012, CSC did not notify or communicate in any manner the existence of the [matter of *Kahihu v. Brunson* Case Number 11 CVD 05031 in Durham County District Court] to GMAC Insurance Management Corporation."

Based on the foregoing, we hold that Gachaiya's affidavit rebutted the presumption of service by showing that defendant Integon never received a copy of the summons on 17 February 2012 and the trial court could properly find that defendant Integon was not served with a copy of the summons as required by N.C. Gen. Stat. § 20-279.21(b)(3). Accordingly, the trial court was without jurisdiction over defendant Integon and did not err in granting defendant Integon's motion for directed verdict.

## B.   Insurer as a Separate Party

In his last argument, plaintiff contends that the trial court erred in its determination that defendant Integon was required to be served with a copy of the complaint and summons to be made a party to his action. We disagree.

Section 20-279.21(b)(3)a (2013) of the North Carolina General Statutes provides that all liability insurance policies are subject to the following:

> A provision that the insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist by registered or certified mail, return receipt requested, or in any manner provided by law; provided however, that the determination of whether a motorist is uninsured may be decided only by an action against the insurer alone. The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name. The insurer, upon being served with copy of summons, complaint or other pleading, shall have the time allowed by statute in which to answer, demur or otherwise plead (whether the pleading is verified or not) to the summons, complaint or other process served upon it. The consent of the insurer shall not be required for the initiation of suit by the insured against the uninsured motorist: Provided, however, no action shall be initiated by the insured until 60 days following the posting of notice to the insurer at the address shown on the policy or after personal delivery of the notice to the insurer or its agent setting forth the belief of the insured that the prospective defendant or defendants are uninsured motorists.

N.C. Gen. Stat. § 20-279.21(b)(3)a establishes that the insurer is a separate party to the action between the insured plaintiff and an uninsured motorist. *Grimsley v. Nelson*, 342 N.C. 542, 546, 467 S.E.2d 92, 95 (1996). It is well established that "[N.C. Gen. Stat.] § 20-279.21(b)(3)a unambiguously provides that an uninsured motorist carrier may defend in the name of the uninsured motorist or in its own name, evincing a legislative recognition that the uninsured motorist and the insurer providing uninsured motorist coverage are separate parties with independent interests." *Reese v. Barbee*, 129 N.C. App. 823, 826, 501 S.E.2d 698, 700 (1998) (citation omitted). Therefore, "in order for the insurer to be bound by a judgment against the uninsured motorist, service of process must be obtained upon the insurer." *Id.* Based on the foregoing reasons, we must reject plaintiff's arguments.

## IV. Conclusion

Where the trial court did not err in granting defendant Integon's motion for directed verdict, we affirm the order of the trial court.

Affirmed.

Judges HUNTER, Robert C., and GEER concur.