Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/21/2018 09:10 AM CDT

Michelle M. Hill, appellant, v. AMMC, Inc.,
doing business as Morrissey Motor
Company, appellee.

___ N.W.2d ___

Filed June 29, 2018.    No. S-17-1075.

1. **Motions to Dismiss: Summary Judgment: Pleadings.** When matters
   outside the pleadings are presented to and not excluded by the court, a
   motion to dismiss is treated as one for summary judgment.
2. **Summary Judgment: Appeal and Error.** An appellate court will
   affirm a lower court's grant of summary judgment if the pleadings and
   admitted evidence show that there is no genuine issue as to any material
   fact or as to the ultimate inferences that may be drawn from the facts
   and that the moving party is entitled to judgment as a matter of law.
3. **Judgments: Claim Preclusion: Issue Preclusion: Appeal and Error.**
   The applicability of claim and issue preclusion is a question of law. On
   a question of law, an appellate court reaches a conclusion independent
   of the court below.
4. **Judgments: Jurisdiction: Claim Preclusion.** Under Nebraska law,
   claim preclusion bars relitigation of any right, fact, or matter directly
   addressed or necessarily included in a former adjudication if (1) the
   former judgment was rendered by a court of competent jurisdiction, (2)
   the former judgment was a final judgment, (3) the former judgment was
   on the merits, and (4) the same parties or their privies were involved in
   both actions.
5. **Judgments: Claim Preclusion: States: Courts.** A Nebraska state court
   must apply federal law to determine the preclusive effect of a federal
   court judgment.
6. **Judgments: Jurisdiction: Claim Preclusion: States: Courts.** For judg-
   ments in federal question jurisdiction cases, federal claim preclusion law
   applies to the analysis, but for judgments in federal diversity jurisdiction
   cases, federal common law applies to the preclusion analysis. Federal
   common law, in turn, incorporates the rules of preclusion applied by
   state courts in the state in which the federal diversity court sits.

7. **Claim Preclusion: Final Orders: States: Courts.** Under federal law
as stated by the U.S. District Court for the District of Nebraska, claim
preclusion bars the relitigation of a claim if the prior judgment was a
final judgment on the merits rendered by a court of competent jurisdic-
tion and if the same cause of action and the same parties or their privies
were involved in both cases.

Appeal from the District Court for Lancaster County: Jodi L.
Nelson, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O.,
for appellant.

Robert S. Keith and Philip O. Cusic, of Engles, Ketcham,
Olson & Keith, P.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and
Papik, JJ., and Welch, Judge.

Stacy, J.
The Lancaster County District Court dismissed an action
filed by Michelle M. Hill, finding it was barred by the doctrine
of claim preclusion. Hill filed this timely appeal. We affirm.

## I. FACTS

### 1. Hill's 2016 Complaint

On July 14, 2016, Hill filed a complaint in the district court
for Lancaster County against her former employer, AMMC,
Inc., doing business as Morrissey Motor Company. The com-
plaint presented two claims: one alleging a violation of title
VII of the Civil Rights Act of 1964,[1] and the other alleging
"wrongful discharge . . . in violation of Nebraska law and pub-
lic policy."

According to the factual allegations of Hill's complaint, she
was hired by AMMC in May 2014. AMMC sold motor vehi-
cles, and Hill alleged that during the course of her employ-
ment she was (1) subjected to severe and pervasive sexual

---

[1] See 42 U.S.C. § 2000e et seq. (2012 & Supp. IV 2016).

comments by a coworker in violation of title VII and (2) asked to physically alter customers' credit scores and indicate to financing companies that vehicles subject to purchase by AMMC customers were "fully loaded" when the vehicles actually were not. The complaint alleged Hill was constructively discharged in October 2014 when she resigned rather than falsify records.

Hill's complaint alleged she had filed "charges" with both the Nebraska Equal Opportunity Commission (NEOC) and the federal Equal Employment Opportunity Commission (EEOC). The complaint alleged the EEOC issued a right to sue letter on July 6, 2016, but was silent as to any final action taken by the NEOC.

On August 17, 2016, AMMC removed Hill's action to the U.S. District Court for the District of Nebraska. After the action was removed, AMMC filed a motion to dismiss Hill's state law wrongful discharge claim, arguing it was time barred under the statute of limitations in the Nebraska Fair Employment Practice Act (NFEPA).[2] Specifically, AMMC argued Hill failed to file her state law claim within 90 days of the NEOC's final action in the case.[3] At the hearing on the motion to dismiss, evidence was received without objection, so the federal court treated the motion as one for partial summary judgment.[4]

Hill resisted the motion, arguing her state law claim was not brought under the NFEPA, but instead was a common-law tort claim subject to a 4-year statute of limitations. In an order entered October 7, 2016, the federal court granted summary judgment in favor of AMMC on Hill's state law wrongful discharge claim, specifically finding the claim was governed by the NFEPA and was not a general state law tort claim for wrongful discharge. Hill's title VII claim remained pending in the federal court.

---

[2] Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Reissue 2010 & Cum. Supp. 2016).

[3] See § 48-1120.01.

[4] See Fed. R. Civ. P. 12(d) and 56.

## 2. Hill's 2017 Complaint

Approximately 5 months later, on March 1, 2017, Hill filed the instant complaint against AMMC in the district court for Lancaster County. Her complaint alleged only one claim: that AMMC wrongfully discharged Hill "in violation of Nebraska law and public policy." The factual allegations regarding wrongful discharge were substantially identical to those alleged in her 2016 complaint. However, the 2017 complaint contained additional detail regarding the illegality of the actions AMMC allegedly asked Hill to take regarding customers' credit scores and vehicle financing. Specifically, Hill's 2017 complaint alleged the actions AMMC asked her to take would have amounted to forgery under Neb. Rev. Stat. § 28-603 (Reissue 2016) and would have violated Neb. Rev. Stat. § 28-619 (Reissue 2016), which prohibits issuing a false statement for the purpose of obtaining a financial transaction device.

AMMC moved to dismiss the 2017 complaint, asserting it failed to state a claim under Neb. Ct. R. Pldg. § 6-1112(b)(6). AMMC argued the state law claim was barred by the doctrine of claim preclusion, because the federal court had already decided the claim on the merits and dismissed it as time barred.

A hearing on AMMC's motion was held, and evidence was offered by both parties and received without objection. The court concluded Hill's wrongful discharge claim was barred by the doctrine of claim preclusion. It specifically found the federal court's dismissal of Hill's state law claim was a final judgment on the merits, was rendered by a court of competent jurisdiction, involved the same issues, and involved the same parties. The district court subsequently entered an order dismissing the complaint and taxing costs to Hill.

Hill filed this timely appeal, which we moved to our docket on our own motion.[5]

---

[5] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

## II. ASSIGNMENTS OF ERROR

Hill assigns, restated, that the district court erred in (1) finding her state law claim was not governed by the general 4-year tort statute of limitations and (2) finding her state law claim was barred by the doctrine of claim preclusion.

## III. STANDARD OF REVIEW

[1,2] AMMC moved to dismiss Hill's complaint pursuant to § 6-1112(b)(6), arguing it failed to state a claim under Nebraska law. However, at the hearing on the motion to dismiss, the district court received exhibits from both parties with no objection. When matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is treated as one for summary judgment.[6] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.[7]

[3] The applicability of claim and issue preclusion is a question of law.[8] On a question of law, an appellate court reaches a conclusion independent of the court below.[9]

## IV. ANALYSIS

### 1. DISTRICT COURT MADE NO FINDING ON APPLICABLE STATUTE OF LIMITATIONS

In her first assignment of error, Hill argues the district court erred in finding her wrongful discharge claim was governed by the limitations period under the NFEPA rather than the general 4-year tort statute of limitations. This assignment of error lacks merit for two reasons.

---

[6] See, § 6-1112; *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015).

[7] *Brothers, supra* note 6.

[8] *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

[9] *Id.*

First, contrary to Hill's assertion, the district court made no independent finding regarding the nature of Hill's claim or the applicable statute of limitations. Instead, as discussed below, the court's decision was based solely on the conclusion that the doctrine of claim preclusion applied to bar Hill's 2017 wrongful discharge claim. In other words, the district court determined the federal court had already conclusively decided the question of which statute of limitations was applicable, and expressed no opinion on whether the federal court's conclusion was correct.

Moreover, to the extent Hill argues the district court should have concluded the federal court's determination was erroneous, her complaint is of no moment.[10] Hill may not overcome the effect of claim preclusion by collaterally attacking the correctness of the federal court's judgment.[11]

## 2. Claim Preclusion

[4] In her second assignment of error, Hill argues the district court erred in finding her state law claim was barred by the doctrine of claim preclusion. Under Nebraska law, claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.[12] This is the test the district court applied to determine whether the federal court's dismissal of Hill's state law claim had preclusive effect.

[5,6] Previously, this court has held that a Nebraska state court must apply federal law to determine the preclusive effect

---

[10] See *VanDeWalle v. Albion Nat. Bank*, 243 Neb. 496, 500 N.W.2d 566 (1993).

[11] *Id.*

[12] *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018).

of a federal court judgment.[13] The U.S. Supreme Court has also so held.[14] However, in *Semtek Int'l Inc. v. Lockheed Martin Corp.*,[15] the U.S. Supreme Court clarified the application of this rule. It explained that for judgments in federal question jurisdiction cases, federal claim preclusion law applies to the analysis,[16] but for judgments in federal diversity jurisdiction cases, federal common law applies to the preclusion analysis.[17] Federal common law, in turn, incorporates the rules of preclusion applied by state courts in the state in which the federal diversity court sits.[18]

Here, the federal court was exercising federal question jurisdiction over Hill's title VII claim[19] and was exercising supplemental jurisdiction over her state law claim.[20] The U.S. Supreme Court has not squarely addressed whether federal preclusion rules or the federal common law (incorporating state preclusion rules) apply in a case such as this.[21] But this case does not require us to decide the question, because, as relevant here, the only difference between the two bodies of law is a slight difference in how the elements of claim preclusion are stated. And as explained below, whether we analyze these elements under the federal or state authority, we reach the same conclusion.

---

[13] *Millennium Laboratories v. Ward*, 289 Neb. 718, 857 N.W.2d 304 (2014); *VanDeWalle, supra* note 10.

[14] *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001).

[15] *Id.*

[16] See, also, *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

[17] *Taylor, supra* note 16; *Semtek, supra* note 14.

[18] *Id*.

[19] See 28 U.S.C. § 1331 (2012).

[20] See 28 U.S.C. § 1367 (2012).

[21] See *Paramount Pictures v. Allianz Risk Transfer*, 31 N.Y.3d 64, 96 N.E.3d 737, 73 N.Y.S.3d 472 (2018).

[7] As noted, under Nebraska law, claim preclusion bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.[22] Under federal law as stated by the U.S. District Court for the District of Nebraska, claim preclusion bars the relitigation of a claim if the prior judgment was a final judgment on the merits rendered by a court of competent jurisdiction and if the same cause of action and the same parties or their privies were involved in both cases.[23]

In this case, Hill concedes that the wrongful discharge claim presented in her 2017 complaint is the same state law claim she presented in her 2016 complaint. And the parties agree the federal court's dismissal of Hill's state law claim was rendered by a court of competent jurisdiction and involved the same parties as this action. The dispute on appeal centers on just two elements of the claim preclusion analysis: whether the federal court's dismissal was on the merits and whether the federal court's dismissal was a final judgment. These elements are considerations under both the state and the federal court's articulation of the doctrine, and our analysis of these elements leads us to the same conclusion regardless of the applicable law.

(a) Judgment Was on Merits

Hill argues the federal court's judgment of dismissal was based on the statute of limitations and therefore was not on the merits. We disagree.

----

[22] *Fetherkile, supra* note 12.

[23] *Jenkins v. General Collection Co.*, 538 F. Supp. 2d 1165 (D. Neb. 2008). See, also, *Millennium Laboratories, supra* note 13, citing *Carlisle Power Transmission Products v. The Union*, 725 F.3d 864 (8th Cir. 2013); *VanDeWalle, supra* note 10, citing *Armstrong v. Norwest Bank, Minneapolis, N.A.*, 964 F.2d 797 (8th Cir. 1992).

Here, the issue decided by the federal court was not based solely on the application of a statute of limitations. Rather, the issue decided was whether Hill's state law wrongful discharge claim was a claim under the NFEPA or, as she argues, a common-law claim. The federal court concluded it was a claim subject to NFEPA, and consequently found the claim was time barred under NFEPA's 90-day limitations period. Although the statute of limitations period was part of the federal court's analysis, its dismissal of the claim was not based solely on the statute of limitations.

For the sake of completeness, we note that even if the federal court judgment is characterized as one based on the statute of limitations, it was still on the merits. Generally, federal claim preclusion law holds that a judgment dismissing a claim based on a limitations period is on the merits and bars a second action on the same claim if the limitations period examined by the second court would be the same period examined by the first court.[24] Federal law further holds the second action is barred even though the plaintiff may seek to advance new arguments for avoiding the limitations period.[25]

Although Nebraska has never directly addressed whether a judgment based on the statute of limitations is on the merits, we have held that a judgment is on the merits when it involves a determination of the substantive rights at issue in the action.[26] Judgments falling within this definition include judgments based on the following: the outcome of a trial, the grant of a motion for a directed verdict, the grant of a motion for judgment notwithstanding the verdict, summary judgment, consent judgment, default judgment, and orders to dismiss an

---

[24] 18A Charles Alan Wright et al., Federal Practice and Procedure § 4441 (3d ed. 2017). See *Martel v. Stafford*, 992 F.2d 1244 (1st Cir. 1993).

[25] See 18A Wright et al., *supra* note 24.

[26] See *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994) (superseded by statute on other grounds as stated in *Stacy M. v. Jason M.*, 290 Neb. 141, 858 N.W.2d 852 (2015)).

action for failure to state a claim upon which relief can be granted.[27] Conversely, we have held that judgments on jurisdictional or procedural grounds are not on the merits,[28] including: dismissal for lack of personal or subject matter jurisdiction, failure to effect proper or timely service, failure to join a necessary party, and failure to prosecute.[29] In light of this body of case law, we hold, as have other jurisdictions in similar circumstances,[30] that the federal judgment in the instant case is a judgment on the merits.

Here, both the federal district court and a Nebraska state court would apply a 90-day limitations period to a claim subject to the NFEPA. Thus, to the extent the federal judgment was based on the 90-day statute of limitations, it was a judgment on the merits under either federal claim preclusion law or federal common law (incorporating Nebraska law).

### (b) Final Judgment

Hill argues the federal court's dismissal of her state law claim was not final for purposes of claim preclusion because it was not a final judgment for purposes of appeal. At the time Hill filed her 2017 complaint in state court, the federal court had dismissed her state law claim for wrongful discharge, but her related title VII claim against AMMC remained pending. The federal court's order dismissing the state law claim did not provide that it was immediately appealable,[31] and Hill contends she was procedurally unable to appeal the ruling on her state

---

[27] John P. Lenich, Nebraska Civil Procedure § 8:7 (2018) (and cases cited therein).

[28] *DeVaux, supra* note 26.

[29] Lenich, *supra* note 27.

[30] See, *Avery v. Auto-Pro, Inc.*, 313 Ill. App. 3d 747, 731 N.E.2d 319, 246 Ill. Dec. 791 (2000); *Reese v. Barbee*, 134 N.C. App. 728, 518 S.E.2d 571 (1999); *Nitz v. Nitz*, 456 N.W.2d 450 (Minn. App. 1990); *Meegan S. v. Donald T.*, 64 N.Y.2d 751, 475 N.E.2d 449, 485 N.Y.S.2d 982 (1984).

[31] See 28 U.S.C. § 1292 (2012).

law claim until the title VII claim was disposed of.[32] Because of this, Hill argues the district court erred in treating the federal court's dismissal as a final judgment for purposes of claim preclusion.

We decline to address the merits of this argument because, even if we found it had merit, it would have no effect on the ultimate disposition of this appeal.[33] At oral argument, the parties advised the court that after the appeal in this case was filed, the federal court dismissed Hill's title VII claim on summary judgment. No party appealed that judgment, and the time for appeal has now run. Consequently, regardless of whether the district court erred in treating the federal court's earlier dismissal of the state law claim as final, there is no dispute it is final now for purposes of claim preclusion under both Nebraska law and federal law. The doctrine of claim preclusion bars Hill from asserting her state law claim in another court, and remanding the matter with directions to make a new finality determination would serve no purpose.

## V. CONCLUSION

Based on the foregoing, the wrongful discharge claim asserted in Hill's 2017 complaint is barred by the doctrine of claim preclusion. We therefore affirm the district court's dismissal.

Affirmed.

---

[32] See, 28 U.S.C. § 1291 (2012); *Spring Creek Expl. & Prod. v. Hess Bakken Inv.*, 887 F.3d 1003 (10th Cir. 2018) (holding final decision is one that ends litigation on merits and leaves nothing for court to do but execute judgment).

[33] See *Eilts v. Bendt*, 162 Neb. 538, 76 N.W.2d 623 (1956) (case will not be reversed for errors against party not entitled to succeed in any event).