IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

TILLMAN V. HANSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KIMBERLY ANN TILLMAN, APPELLANT,

V.

TIMOTHY HANSON ET AL., APPELLEES.

Filed April 6, 2021.    No. A-20-435.

Appeal from the District Court for Dakota County: BRYAN C. MEISMER, Judge. Affirmed.

Kimberly Ann Tillman, pro se.

Thomas J. Culhane and Matthew D. Quandt, of Erickson & Sederstrom, P.C., for appellees.

RIEDMANN, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Kimberly A. Tillman appeals an order from the district court for Dakota County which dismissed her claim of negligence that she brought against Timothy Hanson; Litton Claims Service, Inc.; and Redwood Fire and Casualty Insurance Company (Redwood Fire), and which denied her motion for leave to amend her complaint. She asserts on appeal that the district court erred when it did not rule on her motion for leave to amend, when it converted the motion to dismiss to a motion for summary judgment without notice, and when it did not allow her to present evidence outside of her complaint before dismissing the case. For the reasons set forth herein, we affirm the decision of the district court.

## BACKGROUND

On January 24, 2020, Tillman filed a pro se complaint alleging that on January 26, 2016, Timothy Hanson, a police officer employed by the city of South Sioux City, Nebraska, negligently

operated his patrol vehicle and "T-bone[d]" her vehicle causing her to suffer property damage, personal injury, and medical costs. Within the complaint, Tillman listed two additional defendants, Litton Claims Service and Redwood Fire, in addition to Hanson. Hanson, Litton Claims Service, and Redwood Fire were represented by the same counsel.

Hanson filed a motion to dismiss on February 26, 2020. In the motion, Hanson asserted that Tillman's negligence claim was barred by the statute of limitations found within the Political Subdivisions Tort Claims Act (PSTCA) under Neb. Rev. Stat. §§ 13-919 and 13-920 (Reissue 2012). Specifically, he asserted that Tillman alleged that the accident occurred on January 26, 2016, and, that pursuant to the statutory language, she would have had until January 26, 2017, to submit a claim to the city in writing or be barred under the PSTCA. Hanson further asserted that Tillman did not allege she submitted a claim in writing. Hanson also alleged that Tillman did not file suit by January 26, 2018, 2 years after the accident. In support of his motion to dismiss, Hanson included an affidavit from the city clerk for South Sioux City stating that there was no claim in writing made by Tillman. Hanson requested that the motion to dismiss be treated as a motion for summary judgment. Litton Claims Service and Redwood Fire filed a separate motion to dismiss asserting that there were no allegations against either of them in Tillman's complaint.

On March 23, 2020, Tillman filed a motion to "Request Enlargement of Time" to oppose Hanson's answer in the "Complaint of Summary Judgement and Dismissal of the case" to file and serve documents in the case. On March 27, she filed a motion for leave of the court to amend her complaint because she alleged there are "genuine issues of facts . . . and are disputable." An amended complaint was not attached to her motion. The motions to dismiss and the motion for leave to amend the complaint were set for hearing on May 4.

At the May 4, 2020, hearing, Litton Claims Service and Redwood Fire argued that there was no cause of action brought against them in the complaint and that as a result, the complaint should be dismissed as to them. Hanson argued that as a police officer in South Sioux City, he was an employee of a political subdivision. As such, a claim for negligence against Hanson would have to be submitted to the city in writing under the PSTCA within 1 year of the alleged negligent act. He also asserted that the claim would be forever barred unless the suit was filed within 2 years after the claim accrued. Hanson explained that Tillman's claim was not timely submitted in writing to the city, thus was not timely filed. Hanson offered and the district court received the affidavit of the city clerk of South Sioux City stating that there was no claim in writing submitted to the city.

Tillman was then asked if she planned to provide any evidence or testimony in response to the motion. She offered six exhibits. Three were received into evidence. Each of the three exhibits was an unsworn declaration in which Tillman alleged that the claims adjuster for Litton Claims Service intentionally misrepresented the statute of limitations to her. The court directed that the remaining three exhibits be filed into the case file as pleadings. These documents included an amended complaint, however, this document is not included in our record on appeal. Also filed into the case file was a document titled "Motion: Equitable Estoppel," wherein Tillman alleged that the claims adjuster for Litton Claims Service intentionally misrepresented the statute of limitations to her, thus preventing her from pursuing her claim. Also received was a document titled "Motion: Equitable Tolling Statute of Limitation" in which Tillman alleged that she was

intentionally misled by the claims adjuster and the statute of limitations should be tolled. The court directed this document to be filed into the case file.

Tillman was asked if she had any additional evidence to oppose the motions to dismiss and she said that she did not. She did argue that the statute of limitations was misrepresented to her by the claims adjuster. She also argued that on January 26, 2018, she met with the adjuster and determined that the statute of limitations to bring the claim was going to expire on that day. She argued that she relied on various statements made to her about when she should bring a claim or what process she should follow. She also stated that she understood that she could not "hold a state or a police officer to a lawsuit" but she "had to tell someone what the police officer, the insurer, and the city's insurer did."

Hanson argued that any amendment to the complaint would be futile because Tillman admitted that she did not speak with the adjuster until January 26, 2018, which was already a year after her deadline to submit a written complaint to the city. Litton Claims Service and Redwood Fire's arguments were not based on the statute of limitations; instead, their arguments focused on Tillman not having raised any specific claims against them in either the original complaint or in the amended complaint.

On May 15, 2020, the district court entered its order sustaining both motions to dismiss. As to the motion filed by Litton Claims Service and Redwood Fire, the court first noted that direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska. The court then found that the pleadings filed by Tillman did not contain any allegations against either Litton Claims Service or Redwood Fire. The district court dismissed the complaint as it related to Hanson after concluding that the complaint was filed more than 2 years after the accident occurred and was thus, time-barred under the PSTCA. The court also denied Tillman's motion for leave to file an amended complaint. The court found, upon its review of the proposed amended complaint, that there was nothing new alleged therein that would have survived the motions to dismiss that had been filed and ruled upon. Tillman now appeals to this court.

## ASSIGNMENTS OF ERROR

Tillman assigns, consolidated, renumbered, and restated, that the district court erred by failing to recognize and rule on her motion to amend her complaint, converting Hanson's motion to dismiss to a motion for summary judgment without proper notice, and failing to allow Tillman to present material pertinent to the motion to dismiss outside of the pleadings.

## STANDARD OF REVIEW

An appellate court generally reviews the denial of a motion to amend a complaint for an abuse of discretion; however, an appellate court reviews de novo an underlying legal conclusion that the proposed amendment would be futile. *Estermann v. Bose*, 296 Neb. 228, 892 N.W.2d 857 (2017).

In actions brought pursuant to the PSTCA, the factual findings of the trial court will not be disturbed on appeal unless clearly wrong; however, questions of law are reviewed independently of the decision reached by the court below. *Hedglin v. Esch*, 25 Neb. App. 306, 905 N.W.2d 105 (2017).

When matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is treated as one for summary judgment. *Hill v. AMMC, Inc.*, 300 Neb. 412, 915 N.W.2d 29 (2018). An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Id.*

ANALYSIS

Based upon our review of the record, we note that Tillman did not raise the precise issues now assigned as error before the district court. In the absence of plain error, when an issue is raised for the first time in an appellate court, the issue will be disregarded inasmuch as the trial court cannot commit error regarding an issue never presented and submitted for disposition in the trial court. *State v. Simnick*, 279 Neb. 499, 779 N.W.2d 335 (2010). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id.* As we explain below, we do not find plain error in the order entered by the district court.

FAILURE TO RULE ON MOTION FOR LEAVE TO
AMEND COMPLAINT PRIOR TO HEARING

In her brief, Tillman argues that the district court erred by failing to rule on her motion for leave to amend prior to the May 4, 2020, hearing. However, the district court denied her motion in its May 15 order because, having now had the opportunity to review the proposed amended complaint which was filed during the course of the hearing, it determined that allowing the amended complaint to become the operative complaint would be futile. We find no plain error in the district court's decision.

A district court's denial of leave to amend pleadings is appropriate in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. *Bailey v. First Nat. Bank of Chadron*, 16 Neb. App. 153, 741 N.W.2d 184 (2007). In its May 15, 2020, order, the district court denied Tillman's motion for leave to amend. The district court stated that it reviewed the amended complaint and determined that it does not allege any new facts that would survive the motions to dismiss. We note that a copy of the amended complaint is not in our record. The praecipe for transcript shows that the amended complaint was not requested to be included in the record for this appeal. It is the appellant's burden to create a record for the appellate court which supports the errors assigned. *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017). Therefore, we cannot review the amended complaint to determine whether any plain error exists in the court's determination. Based on the record before us, we cannot say that the district court committed plain error in not ruling on Tillman's motion prior to the hearing or in denying the motion to amend after the hearing. It had no basis for entering a ruling prior to the hearing since Tillman did not provide the amended complaint until the time of hearing. We have nothing in our record which would then indicate that the court's ultimate decision constitutes plain error.

We also find no plain error in the district court's decision to allow Hanson's motion to dismiss to be considered a motion for summary judgment. Hanson's motion to dismiss was converted into a motion for summary judgment based upon the offer and receipt of the affidavit signed by the city clerk of South Sioux City. Tillman alleges that the court erred in allowing this conversion without providing her notice and in not allowing her a reasonable opportunity to present material outside of her complaint.

Generally, when matters outside the pleading are presented by the parties and accepted by the trial court with respect to a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6), the motion shall be treated as a motion for summary judgment and the parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by statute. *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015). In *Brothers v. Kimball Cty. Hosp., supra*, the Nebraska Supreme Court determined that when the lower court received evidence which converted a motion to dismiss into a motion for summary judgment, but did not give the other party notice of the changed status of the motion, the court erred. However, the Supreme Court found that the party opposing the motion suffered no prejudice because the motion to dismiss presented an issue of law which the opposing party was adequately notified of within the motion to dismiss. *Id.* In another case, the Supreme Court explained that the purpose of the notice of the conversion of a motion to dismiss to a motion for summary judgment is to give the party opposing the motion a sufficient opportunity to discover and bring forward factual matters which may become relevant in the summary judgment context, as distinct from the dismissal context. See *Corona de Camargo v. Schon*, 278 Neb. 1045, 776 N.W.2d 1 (2009). In *Corona de Camargo v. Schon, supra*, the Supreme Court determined that there was no prejudice when the motion to dismiss was converted into a motion for summary judgment without notice to the opposing party, but the motion to dismiss stated that the claim was barred by the statute of limitations and the parties were given an opportunity to present argument and evidence relevant to the statute of limitations issue. *Id.*

In the present case, there is nothing in our record which explicitly demonstrates that Tillman was given notice by the court prior to the hearing that Hanson's motion to dismiss was going to be converted to a motion for summary judgment. However, in his motion to dismiss, filed more than 2 months prior to the hearing, Hanson specifically requested that the district court convert the hearing from a hearing on a motion to dismiss to a hearing on a motion for summary judgment. Tillman thus had notice of Hanson's request. In addition, at the hearing, Tillman stated that she was providing evidence in opposition to summary judgment. Such a statement indicates Tillman's awareness, prior to the hearing, that the hearing would be evidentiary in nature. Moreover, Hanson's motion to dismiss was focused almost entirely on the statute of limitations issue. Tillman also focused her presentation to the court on the statute of limitations issue. She was notified of the statute of limitations issue in the motion to dismiss and was put on notice to provide facts and evidence to oppose this issue.

In her brief on appeal, Tillman asserts that the district court did not give her a reasonable opportunity to present evidence outside of her pleading. However, Tillman's assertion is not

supported by the record. The court received three of Tillman's exhibits over the objections of opposing counsel and directed that the remaining three exhibits be filed into the case file. This included her unsworn declarations that she submitted with respect to intentional misrepresentation, intentional omission of material fact evidence, constructive fraud, her motion for equitable estoppel, and motion for equitable tolling of the statute of limitations. The court also gave Tillman the opportunity to present additional evidence.

In sum, we do not find that the court committed plain error in converting the hearing on a motion to dismiss to a hearing on a motion for summary judgment. Tillman was notified in the motion to dismiss that Hanson was seeking to convert the motion to summary judgment and that the only issue related to the statute of limitations. Tillman was given an opportunity to present evidence and argument as to the statute of limitations issue that was brought up in the motion to dismiss.

## CONCLUSION

For the reasons stated above, the decision of the district court is affirmed.

AFFIRMED.